**Anthony R. OWENS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–90–01093–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 21, 1991.

Kristine C. Woldy, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Lester Blizzard, James Rust, Asst. Harris County Dist. Attys., for appellee.

Before TREVATHAN, C.J., and COHEN and O'CONNOR, JJ.

## OPINION

COHEN, Justice.

The trial court found appellant, Anthony R. Owens, guilty of delivery of a simulated controlled substance and sentenced him to 20 years imprisonment, pursuant to a plea agreement.

In his sole point of error, appellant asserts the trial court erred in denying his motion to dismiss because the statute on which the cause of action is based is unconstitutional. He claims that because the substance he delivered was not contraband, he is being punished solely for speech, i.e., for falsely representing to a buyer that it was contraband. He contends this denies his rights to free speech, due process, and equal protection. U.S. CONST. amends. I, V, XIV; TEX. CONST. art. I, §§ 8, 9, 10.

■ Statutes are presumed constitutional. *Faulk v. State*, 608 S.W.2d 625, 630 (Tex.Crim.App.1980); *Ely v. State*, 582 S.W.2d 416, 419 (Tex.Crim.App.1979).

A person commits an offense if he delivers a simulated controlled substance and he 1) expressly represents the substance to be a controlled substance, or 2) represents the substance to be a controlled substance in a manner that would "lead a reasonable person to believe the substance is a controlled substance." TEX. HEALTH & SAFETY CODE ANN. § 482.002(a)(1), (2) (Vernon Pamph. 1991). In determining whether a person represented a simulated controlled substance in such a way that a reasonable person would believe it to be a controlled substance, a court may consider various factors, such as: 1) the simulated controlled substance was packaged in a manner that is normally used for the delivery of a controlled substance, 2) the delivery or intended delivery of the simulated substance was for consideration substantially more than the reasonable value of the simulated controlled substance, and 3) the physical appearance of the substance was substantially identical to the controlled substance. TEX. HEALTH & SAFETY CODE ANN. § 482.003(a) (Vernon Pamph. 1991). These three acts are ways of falsely "representing" the simulated controlled substance without engaging in speech.

■ Appellant's judicial confession includes both methods of committing the charged offense, the second of which does not involve speech. Appellant has not provided this Court with a statement of facts from the hearing on the complained of motion to dismiss. Additionally, there is no evidence a hearing was requested or held. Thus, this judgment could be based on confessed conduct that does not involve speech. "When challenging the constitutionality of a statute, it is incumbent upon a defendant to show that in its operation the statute is unconstitutional to him in his situation; that it may be unconstitutional to others is not sufficient." *Bynum v. State*, 767 S.W.2d 769, 774 (Tex.Crim.App. 1989). Because the indictment charged ap-

pellant with committing this offense in a manner that does not require speech, and he confessed his guilt to that accusation, we conclude appellant has not shown that he was punished for speaking. Thus, his right to free speech has not been infringed.

We note that speech is an element of many crimes, including solicitation, conspiracy, perjury, and deceptive business practices, and appellant cites no authority holding such statutes unconstitutional for that reason. *See Clark v. State*, 665 S.W.2d 476, 482–83 (Tex.Crim.App.1984) (rejecting same contention made against a statute punishing false statements by unlicensed polygraph examiners). Intentionally false or misleading statements made in a commercial context are not protected by the first amendment. *Id.* Appellant's contention that selling "turkey dope" should not be a crime is a matter for the legislature, not for this Court. *Smith v. Davis*, 426 S.W.2d 827, 831 (Tex.1968).

Appellant's sole point of error is overruled.

The judgment is affirmed.