**Affirm and Opinion Filed July 29, 2013**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-12-01112-CV**

**DIBON SOLUTIONS, INC., Appellant**
**V.**
**JAY NANDA AND BON DIGITAL, INC, Appellees**

**On Appeal from the 192nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-12-02163**

### MEMORANDUM OPINION

Before Justices Bridges, Lang, and Lewis
Opinion by Justice Bridges

Appellant Dibon Solutions, Inc. ("Dibon") appeals from the trial court's denial of a temporary injunction against appellees Jay Nanda ("Jay") and Bon Digital, Inc. ("BDI"). In a single issue, Dibon argues the trial court erred in denying the temporary injunction where the law holds such injunction is necessary and appropriate and does not implicate the First Amendment. We affirm.

### Background

Until November of 2011, Jay was a shareholder, director, and employee of Dibon. Jay and his brother, Atul Nanda ("Atul"), participated in arbitration to settle disputes between them. In November of 2011, an arbitrator awarded Atul ownership of Dibon and ordered Atul to pay Jay $517,162. Following the arbitration award, Jay sent communications to several of Dibon's

customers and Dibon's bank, accusing Dibon of being subject to: (1) an IRS investigation; (2) an ICE and FBI investigation for money laundering, visa fraud, human trafficking, and harboring illegal aliens; (3) a DOL investigation for unpaid back wages; (4) multiple lawsuits; (5) making bankruptcy threats; (6) diversion of assets; (6) multiple liens; (7) non-performance on bank loans; and (8) forging documents.

Dibon states these communications caused it to file the instant lawsuit against Jay and his company, BDI, for defamation, business disparagement, breach of fiduciary duty, and tortious interference with existing contract. Dibon further sought injunctive relief to bar "Defendants from contacting those of [Dibon's] customers who were customers while [Jay] was a director, officer or employee of [Dibon] for the purpose of communicating disparaging information regarding [Dibon] to such customers."

On July 24, 2012, the trial court issued a temporary restraining order against Jay and BDI, enjoining them from initiating contact, directly or through a surrogate, with Dibon's customers and vendors for the purpose of communicating disparaging information (specifically accusations of civil or criminal wrongdoing) regarding Dibon.

Following the August 7, 2012 hearing, the trial court denied Dibon's application for temporary injunction.

**Analysis**

In a single issue, Dibon contends the trial court erred "in denying Dibon's application for a temporary injunction restraining Jay Nanda from targeting Dibon's customers with anonymous and disparaging e-mail communications aimed at destroying Dibon's contractual relationships with its customers, where the law holds that a temporary injunction is necessary and appropriate in such circumstances, and does not implicate the First Amendment's right of free speech."

The decision to grant or deny a temporary injunction lies within the sound discretion of the trial court, and we will not reverse that decision absent a clear abuse of discretion. *Walling v. Metcalfe*, 863 S.W.2d 56, 58 (Tex. 1993). This Court may not substitute its judgment for that of the trial court nor consider the merits of the lawsuit. *Brammer v. KB Home Lone Star, L.P.*, 114 S.W.3d 101, 105 (Tex. App.—Austin 2003, no pet.). We review the evidence in the light most favorable to the trial court's order, indulging every reasonable inference in its favor and determine whether the order was so arbitrary as to exceed the bounds of reasonable discretion. *Universal Health Servs., Inc. v. Thompson*, 24 S.W.3d 570, 576 (Tex. App.—Austin 2000, no pet.).

The purpose of a temporary injunction is to preserve the status quo pending a trial on the merits. *Walling*, 863 S.W.2d at 58. A temporary injunction is an extraordinary remedy and does not issue as a matter of right. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). Rather, an applicant must plead and prove: (1) a cause of action against the opposing party; (2) a probable right on final trial to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim. *Walling*, 863 S.W.2d at 57.

The United States and Texas Constitutions prohibit prior restraints on free speech. *See* U.S. CONST. amend. I; TEX. CONST. art I, §8. A prior restraint is a judicial order forbidding certain communications when issued in advance of the time that such communications are to occur. *See Alexander v. U.S.*, 509 U.S. 544, 550 (1993). Accordingly, a prior restraint of expression bears "a heavy presumption against its constitutional validity." *See In re Newton*, 146 S.W.3d 648, 653-54 (Tex. 2004).

Here, Dibon argues the communications at issue fall within an exception to the presumption against prior restraints. Specifically, Dibon contends appellees' speech is false and misleading commercial speech and is, therefore, not subject to protection. *See Marketshare*

*Telecom, LLC v. Ericsson, Inc.,* 198 S.W.3d 908, 918 (Tex. App.—Dallas 2006, no pet.); *Owens v. State*, 820 S.W.2d 912, 914 (Tex. App.—Houston 1991, writ ref'd) (stating intentionally false and misleading speech made in the commercial context is not protected by the first amendment). We disagree.

In its brief, and without citation to the record, Dibon contends the communications were misleading and "blatantly false." However, the record before us does not support Dibon's argument that the statements made by Jay were false and misleading. Instead, at the temporary injunction hearing, Jay testified the statements made in the e-mail to Dibon's bank (which were substantially the same statements made to Dibon's customers) were "true statements . . . not allegations." Jay Skinner, the vice president of Dibon, affirmed there was "an ongoing investigation of Dibon" by ICE. He admitted he was "not privy to everything that goes on in the organization," and later explained he had no information from Atul regarding a DOL investigation. When asked whether he could testify to whether he had any "knowledge that there [was] no Department of Labor investigation ongoing of Dibon," Skinner replied he "cannot testify to that." No other representative of Dibon testified at the hearing to refute the truthfulness of the statements and no documents were introduced by Dibon to demonstrate the falsity or misleading nature of the communications. The record, therefore, does not support Dibon's contention that the speech was false and misleading.[1]

Dibon further argues that, because it brings a claim for tortious interference, this case falls into another exception to the proscription against prior restraints. In reviewing its argument, we must consider whether Dibon presented sufficient evidence of a probable right to recover under its tortious interference claim. *See Walling*, 863 S.W.2d at 57; *Branch Banking & Trust*

---

[1] Because the record before us does not establish that the speech was either false or misleading, its classification as commercial speech or noncommercial speech is not controlling. *Tex. Mut. Ins. Co. v. Surety Bank, NA*, 156 S.W.3d 125, 130 (Tex. App.—Fort Worth 2005, no pet.).

*Co. v. TCI Luna Ventures, LLC*, No. 05-12-00653-CV, 2013 WL 1456651, *2 (Tex. App.—Dallas Apr. 9, 2013, no pet.) (op. on reh'g). The following elements must be established in a cause of action for tortious interference with contract: (1) the existence of a contract subject to interference; (2) a willful and intentional act of interference; (3) the act was a proximate cause of the plaintiff's damages; and (4) actual damage or loss resulted. *Friendswood Dev. Co. v. McDade & Co.,* 926 S.W.2d 280, 282 (Tex. 1996). Because it is dispositive, we focus on appellees' alleged willful and intentional act of interference. Texas courts have held that to satisfy this element of the cause of action for tortious interference, a party must be more than a willing participant; it must knowingly induce one of the contracting parties to breach its obligations. *See Browning-Ferris, Inc. v. Reyna*, 865 S.W.2d 925, 927 (Tex. 1993).

In its brief, Dibon contends Jay "intentionally interfered with Dibon's contract with its customer, Appirio, thus causing Dibon to lose millions of dollars and suffer non-monetary harm." However, a necessary element of the plaintiff's cause of action is a showing that the defendant took an active part in persuading a party to a contract to breach it. *See John Paul Mitchell Sys. v. Randall's Food Mkts.*, 17 S.W.3d 721, 731 (Tex. App.—Austin 2000, pet. denied) (citing *Davis v. HydPro, Inc.*, 839 S.W.2d 137, 139 (Tex. App.—Eastland 1992, writ denied)). It is necessary that there be some act of interference or of persuading a party to breach, for example by offering better terms or other incentives, for tort liability to arise. *See id.* The record before us provides no such evidence.

At the hearing on temporary injunction, Jay testified he sent the complained-of communication to Appirio. Skinner testified that, after Appirio received Jay's communication, it decided not to do business with Dibon. However, there is no evidence, documentary or testimonial, showing appellees took an active part in persuading Appirio to breach its contract with Dibon. *See John Paul Mitchell.*, 17 S.W.3d at 731.

Thus, we conclude the issuance of a temporary injunction would have been an improper prior restraint. *See In re Newton*, 146 S.W.3d at 653-54. After reviewing the evidence in the light most favorable to the trial court's order, we conclude the trial court did not abuse its discretion. *See Walling*, 863 S.W.2d at 58; *Universal Health*, 24 S.W.3d at 576.

We overrule appellant's sole issue and affirm the judgment of the trial court.


/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

121112F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

DIBON SOLUTIONS, INC., Appellant

No. 05-12-01112-CV          V.

JAY NANDA AND BON DIGITAL, INC,
Appellees

On Appeal from the 192nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-12-02163.
Opinion delivered by Justice Bridges.
Justices Lang and Lewis participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellees JAY NANDA AND BON DIGITAL, INC recover their
costs of this appeal from appellant DIBON SOLUTIONS, INC..

Judgment entered July 29, 2013

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE