NUMBER 13-02-079-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI-EDINBURG

 



PASTOR RICK BARR AND PHILEMON HOMES, INC., Appellants,



v.





THE CITY OF SINTON, Appellee.

 

On appeal from the 156th District Court of San Patricio County, Texas.

 



MEMORANDUM OPINION ON REHEARING



Before Chief Justice Valdez and Justices Yañez and Castillo

Opinion by Justice Yañez


 


 In our original opinion in this case, we affirmed the trial court's order denying appellants' request for a temporary
injunction. See Pastor Rick Barr and Philemon Homes, Inc. v. City of Sinton, No. 13-02-079-CV, 2003 Tex. App. LEXIS
661 (Tex. App.-Corpus Christi January 23, 2003, no pet. h.) (memorandum opinion). Appellants, Pastor Rick Barr and his
non-profit corporation Philemon Homes, Inc., filed a motion for rehearing with new affidavits, again contending they suffer
a probable, imminent, and irreparable injury. While the supporting affidavits shed new light on the facts of the case, they
do not change our analysis.

 We grant appellants' motion for rehearing. In addition, we withdraw our opinion and judgment of January 23, 2003, and
substitute the following in its place.

 This case presents an accelerated, interlocutory appeal from the trial court's order denying appellants' request for a
temporary injunction. Appellants contend the trial court erred in failing to grant a temporary injunction. We affirm.

 As this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here. See Tex. R.
App. P. 47.4.

Jurisdiction

 Under Texas procedure, appeals are allowed only from final orders and judgments. Jack B. Anglin Co. v. Tipps, 842
S.W.2d 266, 272 (Tex. 1992) (orig. proceeding). Unless a statute specifically authorizes an interlocutory appeal, Texas
appellate courts have jurisdiction only over final judgments. Qwest Communications Corp. v. AT&T Corp., 24 S.W.3d
334, 336 (Tex. 2000) (per curiam). Section 51.014(a) of the civil practice and remedies code states: "[a] person may
appeal from an interlocutory order of a district court, county court at law, or county court that: . . . grants or refuses a
temporary injunction." Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a) (Vernon Supp. 2003). Thus, we have jurisdiction to
consider this interlocutory appeal.

Standard of Review

 A temporary injunction is an extraordinary remedy and does not issue as a matter of right. Butnaru v. Ford Motor Co., 84
S.W.3d 198, 204 (Tex. 2002) (citing Walling v. Metcalfe, 863 S.W.2d 56, 57 (Tex. 1993) (per curiam)). A decision on
whether to grant or deny a temporary injunction is within the sound discretion of the trial court and should only be reversed
if the trial court abused its discretion. Id. at 204; Walling, 863 S.W.2d at 58. The appellate court cannot resolve the merits
of the underlying case. Davis v. Huey, 571 S.W.2d 859, 861-62 (Tex. 1978)

 At a temporary injunction hearing, the only issue before the trial court is whether the status quo should be preserved
pending trial on the merits. Walling, 863 S.W.2d at 58; Davis, 571 S.W.2d at 862. The status quo is "the last, actual,
peaceable, non-contested status that preceded the pending controversy." State v. Southwestern Bell Tel. Co., 526 S.W.2d
526, 528 (Tex. 1975). The reviewing court must not substitute its judgment for the trial court's judgment unless the trial
court's order is so arbitrary, unreasonable, or based on so gross and prejudicial an error of law as to establish abuse of
discretion. Butnaru, 84 S.W.3d at 204; Johnson v. Fourth Ct. App., 700 S.W.2d 916, 918 (Tex. 1985) (orig. proceeding).
The trial court does not abuse its discretion if it bases its decision on conflicting evidence. Davis, 571 S.W.2d at 862.

Elements of Temporary Injunction

 Although the purpose of a temporary injunction is preservation of the status quo, to obtain a temporary injunction, an
applicant must plead and prove three specific elements: (1) a cause of action against the defendant; (2) a probable right to
the relief sought; and (3) a probable, imminent, and irreparable injury in the interim. Butnaru, 84 S.W.3d at 204; Walling,
863 S.W.2d at 57; Sun Oil Co. v. Whitaker, 424 S.W.2d 216, 218 (Tex. 1968).

 In this case, the trial court made no findings of fact or conclusions of law pertaining to the three elements of the appellants'
application for temporary injunction. Therefore, we will review the record to determine if the order of the court may be
upheld under any legal theory supported in the record. See Davis, 571 S.W.2d at 862.

 By one point of error, appellants contend the trial court erred in failing to grant a temporary injunction. However,
appellants' brief to this Court fails to address how the trial court abused its discretion by deciding not to maintain the status
quo until trial. "The brief must contain a clear and concise argument for the contentions made, with appropriate citations to
authorities and to the record." Tex. R. App. P. 38.1(h). Since appellants' brief does not address specifically how the trial
court abused its discretion by denying the temporary injunction and implicitly finding that appellants did not prove the three
necessary elements, the point of error is waived.

 The trial court's order is AFFIRMED.



 

LINDA REYNA YAÑEZ

Justice







Opinion delivered and filed this the

20th day of March, 2003.