CV4-412.abbott 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00412-CV







Jane Abbott, Wallace M. Greene, and Lois M. Duggan, Appellants



v.



State of Texas and Comal County Water


Oriented Recreation District, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT


NO. 93-03614, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING







PER CURIAM


 Jane Abbott, Wallace Greene, and Lois M. Duggan appeal from a summary
judgment granted against their suit for declaratory judgment. The judgment denied appellants a
declaration that the legislation creating the Comal County Water Oriented Recreation District was
unconstitutional. We will affirm the judgment of the trial court.

 State representative Edmund Kuempel sponsored a 1987 bill authorizing the
creation of a parks and recreation district to govern the unincorporated areas of a county with
frontage on the Guadalupe and Comal rivers. Tex. Loc. Gov't Code Ann. §§ 324.001-.124 (West
Supp. 1995) ("PARD"). The legislated purposes of the district were to operate any county public
park located in the district, conserve natural resources, and improve the public health, safety, and
welfare. PARD § 324.001. By vote of November 3, 1987, Comal County voters elected to create
the Comal County Water Oriented Recreation District (WORD).

 WORD's creation sparked litigation. Nineteen outfitters, including Abbott's
company, filed constitutional claims in federal court against WORD; the court dismissed those
claims. WORD obtained a state court judgment for taxes owed by Abbott's company; the state
court sustained WORD's special exceptions to the company's counterclaims for constitutional and
legal violations and dismissed the counterclaims after the company failed to amend its pleading.

 The appellants meanwhile filed this suit, proceeding pro se. They sued the State
of Texas and Kuempel, and added State Senator Jeff Wentworth when his amendments to PARD
passed. WORD intervened as a defendant despite the appellants' opposition.

 Kuempel and Wentworth moved for summary judgment based on absolute
legislative immunity. The trial court granted Kuempel's motion on December 3, 1993, severed
the action against him, and rendered judgment, stating that the judgment was final for purposes
of appeal. The trial court severed the claims involving Wentworth and granted his motion for
summary judgment on April 19, 1994. The appellants have appealed only from the original cause. 
They thus have not appealed from the severed judgments favoring Kuempel and Wentworth.

 The State and WORD moved for summary judgment on two grounds. They
contended that the prior state court judgment precluded the appellants' claim through res judicata. 
They also contended that, as a matter of law, no taking occurred. The trial court granted
summary judgment in their favor on April 19, 1994.

 After filing a motion for rehearing, the appellants filed their cash deposit in lieu
of bond on June 23, 1994. 

 The appellants have provided us no cognizable basis on which to review the court's
judgment favoring the appellees. The appellants raise five "questions to the court" on appeal:



(1) Have the substantive facts ever been considered in the lower court in No. 93-03614?


(2) Does substantive facts have equal consideration prior to, or priority given to
Summary Judgment?


(3) Does No. 93-03614 seek only a Declaratory Judgment?


(4) Has due process been given Appellants'?


(5) Is Wallace M. Greene "in privity" in any other cause, before any other court,
except in this cause: 93-03614 (03-94-00412CV)? Is Lois M. Duggan?



(sics omitted). These questions assign no error in the granting of the summary judgments. We
can reverse only for error assigned in a point of error. Walling v. Metcalfe, 863 S.W.2d 56, 58
(Tex. 1993). The appellants' failure to assign error to the grants of summary judgment means that
the appellants have assigned no error to the sole basis of the judgments. We therefore cannot
reverse the judgments. 

 Even were we to construe the questions extremely broadly, none justifies the
reversal of the summary judgment granted to WORD and the State. Generously construed, the
appellants' question four attacks the appellees' assertion in their motion for summary judgment
that, as a matter of law, no taking of the appellants' property without due process occurred. We
review the record, taking all evidence favorable to the nonmovants as true and construing every
inference and doubt in their favor, to see if no genuine issue of material fact exists and if the
movant is entitled to summary judgment as a matter of law. Tex. R. Civ. P. 166a(c); Nixon v.
Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985). The record wholly
supports the grant of the summary judgment.

 The appellants base their position on the statute and the policy statement of the
WORD board. The statute empowers the district to improve, equip, maintain, finance, and
operate any public park located in the district and owned or leased by the district. PARD
§ 324.001(1) (West Supp. 1995). The WORD board's rules state that the purpose of the rules
includes governing recreational activities and possession of glass and styrofoam containers in park
and district facilities. The appellants assert that, because no parks exist in the district, WORD's
creation converted all private lands within the district into a park or a district facility exempt from
taxation.

 The only "evidence" in the record--the statute and policy statement--supports the
summary judgment. The statutory definitions of "park" and "district facility" defy the appellants'
interpretation. (1) The statute provides that WORD can acquire land for parks by gift or devise,
lump-sum payment, or installment payments with or without the option to purchase, but not
through eminent domain. PARD § 324.067(b)-(c) (West Supp. 1995). The WORD board's rules
do not expand those powers. There is no factual basis in this record for the contention that the
enactment of the statute deprived the appellants of their property. The court did not err in
granting summary judgment on this basis. We therefore need not consider the validity of the res
judicata basis for the judgment.

 We affirm the judgment of the trial court.


Before Chief Justice Carroll, Justices Aboussie and Jones

Affirmed

Filed: March 15, 1995

Do Not Publish

1.   The term "park" includes any land, including any improvements to the land, that is
administered, operated, or managed by the district for use by the general public. See
Tex. Loc. Gov't Code Ann. § 324.002(4) (West Supp. 1995). Subsection (5) provides that the
term "district facility" includes any facility, land, or improvement to land, whether permanent
or temporary, that is owned, leased, or acquired by the district.