In The


 

Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-499 CV


____________________



NMTC CORP. D/B/A MATCO TOOLS, Appellant



V.



JULE R. CONARROE, Appellee






On Appeal from the 88th District Court


Hardin County, Texas


Trial Cause No. 42,567






OPINION



 NMTC Corp. d/b/a Matco Tools ("Matco") sued Jule Conarroe for breach of a
contract containing a covenant not to compete. Matco also sought a temporary injunction
pending a trial on the merits. The trial court denied the temporary injunction request, and
Matco filed this interlocutory appeal. 



Background


 Conarroe sold Matco Tools. As a Matco distributor, Conarroe had a specified
territory and a list of potential customers. The distributor contract contained the following
nonsolicitation or covenant not to compete clause: 

 For a period of one year after the Term of this Agreement has expired or
from the date this Agreement is terminated by either party for any reason,
the Distributor and the Distributor's employees and immediate family will
not sell or attempt to sell any mechanics' tools or service equipment to any
Customer or potential customer located in the Territory or within one mile
of the outer boundaries of the territory. 


On March 11, 2002, Conarroe executed a separation agreement severing his ties with
Matco. Shortly thereafter, he became a distributor for Cornwell Tools ("Cornwell"),
Matco's competitor. At the hearing on the temporary injunction, Conarroe testified that
some of the customers to whom he was selling Cornwell products had also been customers
in his Matco territory. Matco argues this practice is prohibited by his distributorship
agreement with Matco. Applying the common law prerequisites for temporary injunctions,
the trial court denied Matco's request for temporary injunctive relief. Matco contends the
covenant not to compete statute preempts the common law prerequisites for temporary
injunctions. 



Preemption 


 In its original petition, Matco sought a temporary injunction, damages for breach
of the covenant not to compete, and a permanent injunction. Covenants not to compete are
enforceable if they meet the requirements set out in the Covenants Not to Compete Act
("Act"). See Tex. Bus. & Com. Code Ann. §§ 15.50-52 (Vernon 2002). To be
enforceable, the covenant must be "ancillary to or part of an otherwise enforceable
agreement at the time the agreement is made," and any "limitations as to time,
geographical area, and scope of activity to be restrained" must be reasonable and must not
impose a greater restraint than is necessary to protect the goodwill or other business
interest of the promisee. Id. at § 15.50(a). The Act contains the following preemption
provision:

 § 15.52 Preemption of Other Law 

 The criteria for enforceability of a covenant not to compete provided
by Section 15.50 of this code and the procedures and remedies in an action
to enforce a covenant not to compete provided by Section 15.51 of this code
are exclusive and preempt any other criteria for enforceability of a covenant
not to compete or procedures and remedies in an action to enforce a
covenant not to compete under common law or otherwise.


Tex. Bus. & Com. Code Ann. § 15.52 (Vernon 2002). Section 15.51(a) provides that 
a court may award the promisee damages, injunctive relief, or both damages and injunctive
relief for a breach by the promisor of the covenant. 

 Matco argues that Section 15.52 of the Act preempts the common law standard for
issuance of a temporary injunction, and that the only criteria for obtaining injunctive relief
-- regardless of whether it is before or after trial -- are those set out in Section 15.50(a). 
A First Court of Appeals opinion supports Matco's position. See Norlyn Enters., Inc. v.
APDP, Inc., No. 01-02-00473-CV, 2002 Tex. App. LEXIS 8882, at *11-15 (Tex. App.--Houston [1st Dist.] Dec. 12, 2002, no pet.)(not yet released for publication). The Act's
preemption language describes as "exclusive" and preemptive the "procedures and
remedies" set out in the Act, as well as the "criteria for enforceability." And the Texas
Supreme Court stated in Light v. Centel Cellular Co. of Texas, 883 S.W.2d 642, 644 (Tex.
1994), that the "Legislature intended the [Act] to largely supplant the Texas common law." 
 Conarroe points out that the Act is silent on the subject of temporary injunctions,
and, by its plain terms, the preemption language in Section 15.52 applies only to
enforceability of the covenant in the context of a final hearing on the merits. Conarroe
argues that to obtain pretrial injunctive relief, Matco must show the traditional
prerequisites for temporary injunctions: (1) a cause of action or other claim for permanent
relief against the defendant; (2) a probable right to the permanent relief sought (i.e., a
determination that the covenant was enforceable and that a breach occurred); (1) (3) and a
probable, imminent, and irreparable injury before trial with no adequate remedy at law. 
See Butnaru v. Ford Motor Co., 84 S.W.3d 198, 204, 211 (Tex. 2002). In denying
Matco's request for a temporary injunction, the trial judge found that Matco had an
adequate remedy at law and there was no substantial risk of imminent or irreparable harm. 
 Temporary injunctions serve a different purpose, and are issued at a different stage
of litigation, than permanent injunctive relief. Temporary injunctions are issued to prevent
only harm that cannot be prevented after a final determination on the merits. A permanent
injunction provides, as part of the final judgment, the injunctive relief to which the
applicant is shown to be entitled after the merits are determined at trial; a temporary
injunction simply preserves the status quo before a trial court determines the merits. See
Butnaru, 84 S.W.3d at 204. 

 The Act does not address pretrial relief. The language in Section 15.51 -- "a court
may award the promisee . . . damages, injunctive relief, or both . . . for a breach by the
promisor of the covenant" -- contemplates a trial court's order of final relief following a
trial on the merits. Tex. Bus. & Com. Code Ann. § 15.51 (Vernon 2002). Yet a
temporary injunction precedes a determination of the merits of the case. The Act does not
address all of the requirements for a temporary injunction before the merits are
determined. 

 An application for injunction is a request that a court exercise its equitable
jurisdiction, and in exercising that power the court balances competing equities. See In
re Gamble, 71 S.W.3d 313, 317 (Tex. 2002). For example, the Supreme Court held in
In re Gamble, that the Election Code's authorization of "appropriate injunctive relief,"
to prevent a violation of the Code, incorporated principles of equity that control the
remedy. Id. Because we conclude the Act does not set out or exclude procedures
available to a litigant prior to a determination of the merits, we believe principles of equity
must control the pretrial remedy.

 We conclude that the Act does not eliminate the distinction between temporary and
permanent injunctions. Matco maintains application of the common law prerequisites
would severely weaken the Act. But our analysis does not affect, after a trial on the
merits, the enforcement of a non-compete covenant that meets the requirements of the
Act. Because a temporary injunction is issued before the merits are decided, the possibility
of error exists in predicting the result of the trial. As part of its weighing of the equities,
a court considering a temporary injunction under the Act may balance the probable harm
to the plaintiff if a temporary injunction is erroneously denied with the probable harm to
the defendant if a temporary injunction is erroneously granted. See Coastal Marine Serv.
of Texas, Inc., 11 S.W.3d 509, 515 (Tex. App.--Beaumont 2000, no pet.). We conclude
the trial judge did not err in applying the common law prerequisites to the denial of 
Matco's request for a temporary injunction before the merits are determined. Issues one
and two are overruled.

 Temporary Injunction - Common Law Prerequisites


 Matco argues, in the alternative, that its proof met the common law prerequisites
for issuance of a temporary injunction. The standard for appellate review of the denial of
a temporary injunction is abuse of discretion. Walling v. Metcalfe, 863 S.W.2d 56, 58
(Tex. 1993). To determine whether a trial court abused its discretion, we must decide
whether the court acted without reference to any guiding rules or principles -- in other
words, whether the trial court's act was arbitrary or unreasonable so as to exceed the
bounds of reasonable discretion. See Butnaru, 84 S.W.3d at 211. We review the evidence
in the light most favorable to the order and indulge all reasonable inferences in favor of
the decision. Center for Econ. Justice v. American Ins. Ass'n, 39 S.W.3d 337, 344 (Tex.
App.--Austin 2001, no pet.). An abuse of discretion does not occur when the trial court
bases its decision on conflicting evidence. See Davis v. Huey, 571 S.W.2d 859, 862 (Tex.
1978).

 As to the probable injury prerequisite on which the trial court based its decision,
there is evidence in the record that Matco will be harmed by Conarroe's activities before
a trial on the merits can be held. During the term of the covenant, Conarroe, by his own
admission, was selling Cornwell tools to former Matco customers in his old Matco
territory. The harm was more than imminent; it was actual and ongoing. Gary Smith,
Matco's business manager, testified damages would compensate for harm from the lost
revenue. Although Matco says the remedy is inadequate because Conarroe cannot pay any
damages awarded by the court, the record does not demonstrate Conarroe will be unable
to satisfy a judgment for damages occurring pretrial. True, there is evidence that the
enforcement of the covenant not to compete would destroy Conarroe's business and that
his only other income is from his wife's job, which she had started approximately two
months before the hearing. But that does not constitute evidence that he has no other
assets to pay an award for injury occurring before trial or that he is insolvent. 

 Smith also indicated Matco suffered loss of goodwill. Smith claimed that any
goodwill generated by Conarroe during his Matco distributorship would follow Conarroe
to his new venture. The implication is that it would be difficult and time-consuming for
Matco to place another distributor in the area. Yet Smith also indicated Matco distributors
were unofficially operating in part of Conarroe's former Matco area within four days after
Conarroe left Matco, and that goodwill would be restored when a new distributor was
officially put in place. The trial court found that Conarroe's activities did not cause Matco
to lose customer goodwill and that any revenue lost could be recouped by placing another
distributor in the territory formerly assigned to Conarroe. There is probative evidence in
the record to support the trial court's finding. 

 As the determining factor, the trial court balanced the equities of the parties and the
resulting hardships from issuance or denial of a temporary injunction. See Universal
Health Servs., Inc. v. Thompson, 24 S.W.3d 570, 578 (Tex. App.--Austin 2000, no pet.) 
In balancing equities, a trial court may consider whether the degree of injury to the
applicant would be slight or significant if the temporary injunction were erroneously
denied, and whether the injury to the opposing party would be slight or significant if the
temporary injunction were erroneously granted. See id. The trial judge concluded the
"equities weigh[ed] heavily in favor of denying [Matco's] Application." As the trial court
pointed out and the record supports, "[I]f a temporary injunction issues, Mr. Conarroe will
be put out of business. If a temporary injunction does not issue, Matco may lose some
sales within the territory, but the ability to mitigate those losses is within Matco's control
and is subject to recoupment." The trial court did not abuse its discretion when, based on
supporting evidence, the court balanced the equities and found they weighed in Conarroe's
favor.

 Issue three is overruled. The denial of the temporary injunction is affirmed.





 AFFIRMED.


 _________________________________

 DAVID B. GAULTNEY

 Justice



Submitted on February 20, 2003

Opinion Delivered February 27, 2003


Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. The parties dispute whether the non-compete covenant is enforceable. The trial
court declined to resolve that question at the temporary injunction stage of the proceedings. 
Because of our disposition of this interlocutory appeal, we likewise do not address the
issue at this stage.