The HOUSING AUTHORITY OF the
CITY OF EL PASO, Appellant,

v.

CITY OF EL PASO and Joseph Wardy,
Mayor of the City of El Paso,
Appellees.

No. 08–03–00376–CV.

Court of Appeals of Texas,
El Paso.

April 8, 2004.

Rehearing Overruled May 12, 2004.

Carmen B. Hegeman, Edward Dunbar, Dunbar, Armendariz, Crowley & Hiegeman, LLP, El Paso, for Appellant.

Steven L. Hughes, Mounce, Green, Myers, Safi & Galatzan, El Paso, for Appellees.

David M. Driscoll, Frank Ainsa Jr., Ainsa Partners, L.L.P., El Paso, for Real Party In Interest.

Before Panel No. 3 BARAJAS, C.J., LARSEN, and DAVID WELLINGTON CHEW, JJ.

## *OPINION*

DAVID WELLINGTON CHEW, Justice.

This is an accelerated, interlocutory appeal from an order denying a temporary injunction. Appellant, the Housing Authority of the City of El Paso ("the Housing Authority"), appeals the trial court's denial of a temporary injunction order that would prevent Appellees, the City of El Paso and Joseph Wardy, Mayor of the City of El Paso, from increasing the size of the Housing Authority board from five to eleven.[1] A party may appeal from a trial court's interlocutory order denying a temporary injunction or overruling a motion to dissolve a temporary injunction. *See* Tex. Civ.Prac. & Rem.Code Ann. § 51.014(a)(4)(Vernon Supp.2004).

By three issues, the Housing Authority asserts the trial court erred in denying its

---

1. The Housing Authority is not the original plaintiff in this suit, but rather entered the suit by filing a plea of intervention. The original plaintiff in this suit is Investment Builders, Inc. Investment Builders, Inc. is not a party in this appeal, but has filed an amicus curiae brief in support of the Housing Authority's contentions.

request for a temporary injunction because: (1) the trial court misapplied the law governing the number of commissioners to be appointed to the governing board of the Housing Authority; (2) the Housing Authority is an independent body whose governing board of commissioners may be increased in number only if the board amends its by-laws to authorize such an increase; and (3) an increase in the number of the Housing Authority board of commissioners will cause probable, imminent, or irreparable injury to the Housing Authority if the increase is unauthorized by law. We reverse the trial court's order denying the Housing Authority's request for a temporary injunction and remand the cause to the trial court with instructions that it grant the temporary injunction.

On January 1, 2003, the Housing Authority entered into a low-income housing tax credit project agreement with Investment Builders, Inc. The purpose of the agreement was to develop low-income housing, which was to be located on El Paso's westside. This project was to be called Suncrest Townhomes. Most importantly, the agreement called for the submission of a joint application between the Housing Authority and Investment Builders, Inc. for tax credits from the Texas Department of Housing and Community Affairs ("TDHCA") for consideration during TDHCA's July 2003 application round.

On or about June 4, 2003, El Paso City Representative Anthony Cobos sent a letter to TDHCA protesting the construction of the Suncrest Townhomes on the grounds that it would result in the " 'clustering of low-income housing' " and that the Housing Authority had acted illegally because it failed to follow proper bidding procedures. Pursuing this issue further, Representative Cobos posted an agenda item on the June 17, 2003 El Paso city council meeting, requesting the adoption of

a resolution opposing the construction of Suncrest Townhomes. The resolution was passed. Despite these efforts, on June 25, 2003, TDHCA approved the Suncrest Townhomes application. On July 30, 2003 at its final meeting, TDHCA granted Suncrest Townhomes tax credits.

On July 22, 2003, the City considered and passed the following resolution:

RESOLUTION AMENDING THE RESOLUTION ESTABLISHING THE HOUSING AUTHORITY OF THE CITY OF EL PASO, TEXAS TO INCREASE THE NUMBER OF COMMISSIONERS

WHEREAS, the City Council of the City of El Paso, Texas in its duly authorized regular meeting of February 17, 1938, adopted a 'A RESOLUTION FINDING AND DECLARING THAT THERE EXISTS A NEED FOR THE HOUSING AUTHORITY OF THE CITY OF EL PASO, TEXAS, TO FUNCTION', said Resolution is incorporated and referenced herein for all purposes and hereinafter referred to as the 'Establishing Resolution'; and

WHEREAS, on February 17, 1938, pursuant to the Establishing Resolution, the Mayor of the City of El Paso by Certificate of Appointment, appointed the first (5) persons to serve as Commissioners of the Housing Authority of the City of El Paso, Texas, and designated the first Chairman of the Board of Commissioners; and

WHEREAS, Section 392.031 of the Texas Local Government Code provides that each municipal housing authority shall be governed by five, seven, nine or eleven Commissioners and that the presiding officer of the governing body of a municipality shall appoint the Commissioners of the authority; and

WHEREAS, the City Council finds that, in its discretion, it is the public interest and appropriate to increase the number of Commissioners of the Housing Authority of the City of El Paso, Texas from five (5) to eleven (11) members.

The resolution was passed, and the Mayor was directed by the Resolution to appoint six additional commissioners with terms to begin on the effective date of the resolution that being July 22, 2003.

Immediately thereafter, Investment Builders filed suit against the City of El Paso, alleging *inter alia* that the number of the board of commissioners of the Housing Authority could not be increased unilaterally. Investment Builders sought declaratory relief, requesting the trial court to declare the resolution adopted by the City of El Paso as null and void because the City Council had no legal authority to increase the size of the Housing Authority's board and no authority to direct the Mayor to appoint additional members to the Housing Authority board.

The Housing Authority filed a plea in intervention on July 31, 2003. The Housing Authority's petition included a request for a temporary restraining order against the City of El Paso and Joseph Wardy, Mayor of El Paso. The trial court granted the temporary restraining order and set a hearing on this issue for August 5, 2003. A hearing was held on August 5, 2003 on this issue, but the court extended its injunction until the Wednesday of the following week. Thereafter, the trial court dissolved the temporary restraining order and denied temporary injunction on August 13, 2003. In its order denying injunctive relief, the trial court found that the Housing Authority had not established a probable right to the relief sought nor a probable, imminent, or irreparable injury to support its request for temporary injunction. The Housing Authority now brings this appeal.

### Standard of Review

A temporary injunction is an extraordinary remedy and does not issue as a matter of right. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex.2002), *citing Walling v. Metcalfe*, 863 S.W.2d 56, 57 (Tex.1993). A decision to grant or deny a temporary injunction is within the sound discretion of the trial court and its grant or denial is subject to reversal only for a clear abuse of that discretion. *Walling*, 863 S.W.2d at 58. In exercising its discretion, the only issue before the trial court is whether the status quo should be preserved pending trial on the merits. *Id.; Davis v. Huey*, 571 S.W.2d 859, 862 (Tex. 1978). The trial court abuses its discretion when it acts arbitrarily, unreasonably acts without reference to guiding rules or principles, or misapplies the law to the established facts of the case. *See Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992)(orig.proceeding); *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986); *State v. Southwestern Bell Tel. Co.*, 526 S.W.2d 526, 528 (Tex.1975). In our review, we may neither substitute our judgment for that of the trial court nor resolve the merits of the underlying case. *See Davis*, 571 S.W.2d at 861–62; *Universal Health Servs., Inc. v. Thompson*, 24 S.W.3d 570, 576 (Tex.App.-Austin 2000, no pet.). Rather, we review the evidence in light most favorable to the trial court's order, indulging every reasonable inference in its favor. *See Butnaru*, 84 S.W.3d at 204; *Universal Health Servs., Inc.*, 24 S.W.3d at 576.

### Denial of Temporary Injunction

The purpose of a temporary injunction order is to preserve the status

quo pending a trial on the merits. *Walling*, 863 S.W.2d at 57. For a temporary injunction to issue, the movant must show: (1) a viable cause of action; (2) a probable right to recovery; and (3) a probable, imminent, and irreparable injury in the interim. *Id.* For purposes of a temporary injunction, an injury is irreparable if the injured party cannot be adequately compensated in damages or if the damages cannot be measured by any certain pecuniary standard. *Butnaru*, 84 S.W.3d at 204.

■ As noted in the preamble of the challenged resolution, the El Paso Housing Authority was established in 1938, and we presume that then Mayor M.A. Harlan appointed the first five commissioners.[2] Sixty-one years later, in May 1999, the Texas Legislature amended Tex.Loc.Gov't Code Ann. § 392.031 to provide that the number of commissioners could be increased from five to seven, or to nine, or to eleven.[3] What was not noted in the El Paso City Council Resolution of July 22, 2003, however, was that Section 4 of the law that provided for the increase in the number of commissioners to be appointed to the housing authority boards stated:

> The presiding officer of the governing body of a municipality entitled to make appointments to a municipal housing authority under Section 392.031, Local Government Code, as amended by this Act, *shall make the appropriate appointments as soon as practicable* after the effective date of this Act. [Emphasis added].

*See* Tex.Loc.Gov't Code Ann. § 392.031 historical note (Vernon Supp.2004)(Act of May 22, 1999, 76th Leg., R.S., ch 436, § 4, 1999 Tex.Gen.Laws 2814, 2815).

The Housing Authority argues that the trial court ignored Section 4 and acted contrary to the Code Construction Act, Tex.Gov't Code Ann. § 311.001, et. seq., and Texas case law. It also believes that the mandatory phrase "as soon as practicable," while not meaning as soon as possible, does mean within a reasonable time.

The City contends that because there is no specific expiry date in the legislation, municipalities have the legal authority to expand or contract the number of commissioners on the housing authority boards at any time. We disagree.

The Act became effective September 1, 1999. Act of May 22, 1999, 76th Leg., R.S., ch. 436, 1999 Tex.Gen.Laws 2814, 2815. The challenged resolution was passed by the City Council on July 22, 2003. Three mayors and three years and nine months later is not "as soon as practicable" as a matter of law. It is self-evident that while the Legislature provided an opportunity for municipalities to increase the board size of their housing authorities, it provided only a relatively brief window of opportunity in which to do so—

---

2. El Paso City Directory, at 13 (Hudspeth Directory Co.1938).

3. Tex.Loc.Gov't Code Ann. § 392.031 (Vernon Supp.2004) provides:

(a) Each municipal housing authority shall be governed by five, seven, nine, or 11 commissioners. The presiding officer of the governing body of a municipality shall appoint five, seven, nine, or 11 persons to serve as commissioners of the authority. An appointed commissioner of the authority may not be an officer or employee of the municipality. Appointments made under this section must comply with the requirements of Section 392.0331, if applicable.

(b) A commissioner may not be an officer or employee of the municipality. A commissioner may be a tenant of a public project over which the housing authority has jurisdiction.

(c) A certificate of the appointment of a commissioner shall be filed with the clerk of the municipality. The certificate is conclusive evidence of the proper appointment of the commissioner.

an implicit protection of the independence of such boards.

After reviewing the evidence in a light favorable to the order, we find that the trial court clearly abused its discretion by misapplying the law to the established facts in this case. By uncontroverted and compelling evidence the Housing Authority established a probable right to the relief sought. Moreover, the probable, imminent, and irreparable harm resulting from an illegally constituted board of commissioners cannot be adequately compensated for in damages. We sustain Issues One, Two, and Three.

We reverse the trial court's order denying injunctive relief and remand this cause to the trial court with instructions that it grant the Housing Authority's request for a temporary injunction in further proceedings consistent with this opinion.