Opinion issued October 1, 2009









In The
Court of Appeals
For The
First District of Texas




NO. 01-09-00042-CV




CHRIS STONE AND GARY WALKER, Appellants

V.

GLAZIER FOODS COMPANY, Appellee




On Appeal from the 334th District Court
Harris County, Texas
Trial Court Cause No. 2008-51564




MEMORANDUM OPINION
          This is an interlocutory appeal from the trial court’s December 29, 2008
temporary injunction, as supplemented on January 12, 2009. See Tex. Civ. Prac. &
Rem. Code Ann. § 51.014(a)(4) (Vernon 2008). We dismiss for want of jurisdiction.
          The underlying breach-of-contract dispute is whether appellants Chris Stone and
Gary Walker violated their January 2007 employment contracts with appellee Glazier
Foods Company. Stone and Walker were employees of Glazier Foods, and each of
them left to work for Ben E. Keith, which competes with Glazier Foods.
          After an initial review, this Court advised the parties that it appeared that all or
part of this appeal may be moot due to the expiration of the time periods set forth in
Stone’s and Walker’s employment contracts, and that the Court may dismiss the
appeal in whole or part for want of jurisdiction. See Tex. R. App. P. 42.3. Both
appellants and appellee submitted additional briefs addressing the mootness issue prior
to the submission of the case.
          A temporary injunction may be granted by a trial court in accordance with the
provisions of Civil Practice and Remedies Code section 65.011. See Tex. Civ. Prac.
& Rem. Code Ann. § 65.011 (Vernon 2008). The primary purpose of a temporary
injunction is the preservation of the status quo pending trial on the merits. See, e.g.,
Walling v. Metcalfe, 863 S.W.2d 56, 58 (Tex. 1993).
           Mootness may be raised for the first time on appeal, as the parties must have a
justiciable controversy at every stage of the legal proceedings, including the appeal. 
See, e.g., Bd. of Adjustment of City of San Antonio v. Wende, 92 S.W.3d 424, 427
(Tex. 2002). Mootness is a threshold issue that implicates subject-matter jurisdiction. 
See Speer v. Presbyterian Children’s Home & Serv. Agency, 847 S.W.2d 227, 229
(Tex. 1993). The mootness doctrine prevents courts from rendering advisory opinions,
which are outside the jurisdiction conferred by Texas Constitution article II, section 1. 
See Valley Baptist Med. Ctr. v. Gonzalez, 33 S.W.3d 821, 822 (Tex. 2000); see also
Morrow v. Corbin, 62 S.W.2d 641, 643–44 (Tex. 1933).
          The temporary injunction at issue was granted at the request of, and in favor of,
appellee Glazier Foods. The interlocutory appeal before us is appellants Stone’s and
Walker’s request for relief from that temporary injunction. In its brief, Glazier Foods
has now taken the position that the appeal is moot, and it has represented to this Court
that “the injunction order has expired through the passage of time.” Given that Glazier
Foods now takes the position that the injunction, which it had previously requested
from the trial court to preserve the status quo pending trial, is now expired and without
further effect, any consideration by this Court of the merits of that expired injunction
would serve no purpose other than to impermissibly render an advisory opinion about
the merits of the dispute.

          Based upon Glazier Foods’s representation that the injunction has expired, the
interlocutory appeal is moot, and we dismiss the appeal for want of subject-matter
jurisdiction.
 
PER CURIAMPanel consists of Chief Justice Radack and Justices Bland and Massengale.