

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00326-CV

Yvonne **HARRISON**,
Appellant

v.

**HEARD & SMITH, L.L.P.**, John R. Heard, Mark S. Smith, and Kristen Smith,
Appellee

From the 166th Judicial District Court, Bexar County, Texas
Trial Court No. 2024CI04203
Honorable Monique Diaz, Judge Presiding

Opinion by:   Beth Watkins, Justice

Sitting:        Rebeca C. Martinez, Chief Justice
                 Beth Watkins, Justice
                 Lori Massey Brissette, Justice

Delivered and Filed: October 30, 2024

AFFIRMED

Appellant Yvonne Harrison challenges the trial court's order dismissing her defamation claims against appellees Heard & Smith, L.L.P., John R. Heard, Mark S. Smith, and Kristen Smith (collectively, Heard & Smith) under the Texas Citizens Participation Act. We affirm the trial court's order.

BACKGROUND

In 2022, Harrison applied for a job at Heard & Smith, a law firm in San Antonio. Heard & Smith interviewed Harrison, but it did not hire her. Harrison subsequently filed charges of age and race discrimination with the Equal Employment Opportunity Commission and the Texas Workforce Commission.[1]

On February 26, 2024, Harrison sued Heard & Smith in Bexar County District Court. Her petition did not allege discrimination claims. Instead, it alleged Heard & Smith had published "fabricated, fictitious, slanderous, libelous, and character assassination information" about Harrison to third parties in retaliation for her EEOC and TWC charges. Harrison's petition appeared to identify the EEOC and the TWC as the third parties to whom Heard & Smith published the allegedly defamatory statements.

On March 18, 2024, Heard & Smith filed a motion to dismiss Harrison's lawsuit under the TCPA. The motion argued: (1) the TCPA applied because Heard & Smith's communications to the EEOC and the TWC implicated its right to petition; (2) because the TCPA applied, Harrison bore the burden to establish a prima facie case for each essential element of her claims; and (3) even if Harrison satisfied her prima facie burden, Heard & Smith was entitled to judgment as a matter of law because its communications to the EEOC and the TWC occurred during quasi-judicial proceedings and were therefore privileged. Harrison filed two written responses to Heard & Smith's motion, one of which included eight exhibits. In her responses,

---

[1] The appellate record does not contain Harrison's EEOC and TWC filings or any documents showing the agencies' disposition of those proceedings. Although Harrison's reply brief contains attachments that appear to be related to the agency proceedings, "[w]e cannot consider documents attached to an appellate brief that do not appear in the record." *Castano v. San Felipe Agric., Mfg., & Irrigation Co.*, 147 S.W.3d 444, 453 (Tex. App.—San Antonio 2004, no pet.).

Harrison asserted that Heard & Smith published defamatory statements about her to two third parties: Jobvite and Indeed.[2]

On April 9, 2024 and April 18, 2024, the trial court heard the TCPA motion. On April 18, 2024, the trial court signed a written order granting the motion. Harrison now appeals.

## ANALYSIS

### *Standard of Review*

We review a trial court's denial of a TCPA motion to dismiss de novo. *Robert B. James, DDS, Inc. v. Elkins*, 553 S.W.3d 596, 603 (Tex. App.—San Antonio 2018, pet. denied). In reviewing a ruling on a TCPA motion, "[w]e view the pleadings and evidence in the light most favorable to the nonmovant." *Id.*

### *Applicable Law—TCPA*

A motion to dismiss under the TCPA is subject to a three-part analysis. First, the TCPA movant must demonstrate that the opposing party's "legal action is based on or is in response to [the movant's] exercise of the right of free speech, right to petition, or right of association" as those rights are defined by the TCPA. TEX. CIV. PRAC. & REM. CODE ANN. § 27.003(a). If the movant shows the TCPA applies, the burden shifts to the respondent to "establish[] by clear and specific evidence a prima facie case for each essential element of the claim in question." TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(c). If the respondent establishes her prima facie case, the movant can nonetheless show it is entitled to a dismissal if it "establishes an affirmative defense or other grounds on which [it] is entitled to judgment as a matter of law." *Id.* § 27.005(d).

---

[2] In both the trial court and this court, Heard & Smith argued Harrison's petition did not give it fair notice of publication to any third parties other than the EEOC and the TWC. Because our disposition of this case does not depend on the answer to the fair notice question, we need not reach that issue. TEX. R. APP. 47.1.

The TCPA does not define "clear and specific evidence." *See id.* §§ 27.001, 27.005(c); *In re Lipsky*, 460 S.W.3d 579, 590 (Tex. 2015). The Texas Supreme Court has held that this evidentiary standard neither "impose[s] a higher burden of proof than that required of the plaintiff at trial" nor "require[s] direct evidence of each essential element of the underlying claim to avoid dismissal." *In re Lipsky*, 460 S.W.3d at 591. However, "mere notice pleading—that is, general allegations that merely recite the elements of a cause of action—will not suffice. Instead, a plaintiff must provide enough detail to show the factual basis for its claim." *Id.* at 590–91. This standard may be satisfied with either direct or circumstantial evidence. *Id.* at 589, 591.

The TCPA also does not define "prima facie case," but that term "has a traditional legal meaning." *Id.* at 590. A TCPA respondent establishes a prima facie case by presenting "evidence sufficient as a matter of law to establish a given fact if it is not rebutted or contradicted." *Id.* A TCPA respondent "is not required to marshal all of its evidence" to establish a prima facie case. *See Enter. Crude GP LLC v. Sealy Partners, LLC*, 614 S.W.3d 283, 305 (Tex. App.—Houston [14th Dist.] 2020, no pet.). However, the respondent must present "the minimum quantum of evidence necessary to support a rational inference that the allegation of fact is true." *In re Lipsky*, 460 S.W.3d at 590 (internal quotation marks omitted).

### *Applicable Law—Defamation*

Harrison's petition alleged claims for "libel[,] defamation of character[, and] slander." On appeal, she contends that her claims sound solely in libel. Libel and slander are both forms of defamation. *See Dall. Morning News, Inc. v. Tatum*, 554 S.W.3d 614, 623 (Tex. 2018); *Webb v. Robins*, No. 03-07-00686-CV, 2008 WL 2777399, at *3 (Tex. App.—Austin July 17, 2008, no pet.) (mem. op.). Libel consists of a defamatory statement expressed in writing, while slander involves a defamatory statement expressed orally. TEX. CIV. PRAC. & REM. CODE ANN. § 73.001;

*Dall. Morning News*, 554 S.W.3d at 623–24. Regardless of whether a claim sounds in libel or slander, the required elements of a defamation claim are: "(1) the publication of a false statement of fact to a third party, (2) that was defamatory concerning the plaintiff, (3) with the requisite degree of fault regarding the truth of the statement, and (4) damages unless the statement was defamatory per se." *Day v. Fed'n of State Med. Bds. of the United States, Inc.*, 579 S.W.3d 810, 819 (Tex. App.—San Antonio 2019, pet. denied); *Webb*, 2008 WL 2777399, at *3.

A false statement of fact is defamatory if it tends to injure a person's reputation and expose her to "public hatred, contempt or ridicule, or financial injury" or if it impeaches her "honesty, integrity, virtue, or reputation." TEX. CIV. PRAC. & REM. CODE § 73.001; *Better Bus. Bureau of Metro. Hous., Inc. v. John Moore Servs.*, 441 S.W.3d 345, 355–56 (Tex. App.— Houston [1st Dist.] 2013, pet. denied). "To qualify as defamatory, a statement should be derogatory, degrading, somewhat shocking, and contain elements of disgrace." *John Moore Servs.*, 441 S.W.3d at 356. "[A] communication that is merely unflattering, abusive, annoying, irksome, or embarrassing, or that only hurts the plaintiff's feelings, is not actionable." *Id.*

Publication to a third party is a "threshold requirement" of a defamation claim. *Dall. Morning News*, 554 S.W.3d at 623; *Cunningham v. Waymire*, 612 S.W.3d 47, 60 (Tex. App.— Houston [14th Dist.] 2019, no pet.). To satisfy the publication element, the plaintiff must show the challenged statements were communicated "to some third person who is capable of understanding their defamatory import and in such a way that the third person did so understand." *Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572, 579 (Tex. 2017) (internal quotation marks omitted). Because libel involves defamatory statements expressed in writing, a plaintiff asserting a libel claim must show a third party "received, read, and understood" the defamatory communication. *Mars, Inc. v. Gonzalez*, 71 S.W.3d 434, 436–37 (Tex. App.—Waco

2002, pet. denied); *see also Cunningham*, 612 S.W.3d at 61–63 (concluding letters whose contents were "orally reported" to third party did not satisfy publication element of libel claim). To establish a corporate entity's liability for defamation, the plaintiff must present evidence that an agent of the entity, while acting on the entity's behalf in the course and scope of the agent's duties, communicated a false and defamatory statement of fact to a person who either was not an employee of the entity or was an employee whose job duties "did not require receipt of the false communication" and that the communication proximately caused damage to the plaintiff. *See Mars*, 71 S.W.3d at 437.

### *Application*

As a threshold matter, we note that Harrison did not dispute at trial, and has not disputed on appeal, that the TCPA applies to her claims against Heard & Smith. *See* Tex. Civ. Prac. & Rem. Code § 27.003(a). Nor has she argued on appeal that Heard & Smith failed to establish that any statements it made to the EEOC or the TWC were protected by the quasi-judicial privilege. *See* Tex. Civ. Prac. & Rem. Code § 27.005(d); *see also Doe v. Cruz*, 683 S.W.3d 475, 496–97 (Tex. App.—San Antonio 2023, no pet.) (op. on reh'g) (discussing quasi-judicial privilege).

We recognize that Harrison is proceeding pro se. While we construe pro se briefs liberally, we hold pro se litigants "to the same standards as licensed attorneys" and require them to "comply with applicable laws and rules of procedure." *Shull v. United Parcel Serv.*, 4 S.W.3d 46, 52–53 (Tex. App.—San Antonio 1999, pet. denied). One of those standards is the principle that we cannot reverse a trial court's judgment for reasons the appellant did not raise on appeal. *See, e.g.*, *Pike v. Tex. EMC Mgmt., LLC*, 610 S.W.3d 763, 782 (Tex. 2020); *Walling v. Metcalfe*, 863 S.W.2d 56, 58 (Tex. 1993) (per curiam); *Cunningham*, 612 S.W.3d at 64. Because Harrison has not disputed either the TCPA's applicability to these facts or Heard & Smith's establishment

of an affirmative defense regarding its statements to the EEOC and the TWC, we will not consider those issues in this appeal. *See Buzbee v. Clear Channel Outdoor, LLC*, 616 S.W.3d 14, 27 (Tex. App.—Houston [14th Dist.] 2020, no pet.) (assuming TCPA applied where appellant did not challenge that issue on appeal).

### *Constitutional Claims*

On appeal, Harrison argues the dismissal of her lawsuit under the TCPA violated her constitutional rights to a jury trial and due process. However, she did not raise these constitutional issues in the trial court. She therefore has not preserved these issues for our review, and we do not consider them. *See* TEX. R. APP. P. 33.1(a); *In re L.M.I.*, 119 S.W.3d 707, 711 (Tex. 2003); *Sprute v. Levey*, No. 04-14-00358-CV, 2015 WL 4638298, at *3 n.5 (Tex. App.—San Antonio July 15, 2015, no pet.) (mem. op.).

### *Trial Court's Consideration of Harrison's Evidence*

Harrison also argues the trial court erred by excluding evidence and by failing to review her petition and written TCPA responses, including the evidence attached to those responses. The record shows Harrison appeared at the April 9 hearing via Zoom and did not have her exhibits available in an electronic format to present them to the trial court. The court continued the hearing until April 18 to allow her to "either come in person with [her] evidence or have it all electronically ready to show on Zoom[.]" When the parties reconvened, Heard & Smith provided the trial court with "a copy of [Harrison's] whole motion." The record shows the court subsequently reviewed Harrison's exhibits and discussed their contents with her. Heard & Smith did not object to any exhibits, and the trial court did not make any rulings excluding evidence. Because this record does not support a conclusion that the trial court excluded or failed to review Harrison's filings and evidence, we overrule her argument to the contrary.

*Harrison's Prima Facie Burden*

Finally, Harrison argues the evidence she presented below satisfied her prima facie burden to avoid dismissal under the TCPA. *See* TEX. CIV. PRAC. & REM. CODE § 27.005(c). To resolve this question, we must "consider the pleadings, evidence a court could consider under Rule 166a, Texas Rules of Civil Procedure, and supporting and opposing affidavits stating the facts on which the liability or defense is based." *Id.* § 27.006(a); *see also* TEX. R. CIV. P. 166a(c) (setting out evidence a court consider under Rule 166a). "In determining whether the parties have met their respective burdens [under the TCPA], the trial court does not hear live testimony[.]" *Shopoff Advisors, LP v. Atrium Circle, GP*, 596 S.W.3d 894, 901 (Tex. App.—San Antonio 2019, no pet.) (op. on reh'g).

As noted above, Harrison's written TCPA responses identified Jobvite and Indeed as the third parties to whom Heard & Smith allegedly published defamatory statements. In her first written response, Harrison described Indeed as a "job board" and Jobvite as a "3rd party . . . 'headhunter' for hire." She also asserted that Jobvite "was hired"—presumably by Heard & Smith—"to pre-screen candidates[.]"

During the hearing, Harrison told the trial court that Exhibit A to her first TCPA response was "the only document" she had that showed the allegedly defamatory statements and both Kristen Smith's and Jobvite's names. On appeal, Harrison describes Exhibit A as the "smoking gun" of her defamation claims. Exhibit A contains Kristen Smith's notes regarding her impressions of Harrison during the job interview. Harrison contends the content of the notes was defamatory and that Exhibit A shows Heard & Smith published those allegedly defamatory communications to Jobvite. While Exhibit A bears the word "Jobvite," it does not show who or

what Jobvite is or identify Jobvite's connection, if any, to Heard & Smith. It does, however, contain tabs with labels such as "Workflow Step," "Workflow," "Evaluations," and "Tasks":[3]



Furthermore, Exhibit F to Harrison's TCPA response shows that after Harrison submitted her employment application, she received an e-mail from "The Heard & Smith, LLP Recruiting Team" confirming that Heard & Smith had received her application. "The Heard & Smith, LLP Recruiting Team" used the e-mail address notification@jobvite.com to send the message. Taken together, Exhibits A and F appear to show that Jobvite was a service or resource Heard & Smith used in its internal operations.

Those exhibits do not, however, show that any person associated with Jobvite—or, for that matter, any Heard & Smith employee other than Kristen Smith—"received, read, and understood" the allegedly defamatory communications in Exhibit A. *See Mars*, 71 S.W.3d at

---

[3] Out of an abundance of caution, we have redacted the allegedly defamatory statements from the screenshot of Exhibit A that is included in this opinion. We have reviewed the unredacted exhibit and express no opinion about whether the challenged statements rise to the level of actionable defamation. *See, e.g.*, *John Moore Servs.*, 441 S.W.3d at 355–56.

436–37. While Harrison argued below that she obtained her exhibits from a person named Robbin Goslin and that Goslin was a Jobvite employee, she did not present any affidavits or other "evidence a court could consider under Rule 166a, Texas Rules of Civil Procedure" to support those claims.[4] *See* TEX. CIV. PRAC. & REM. CODE § 27.006; *In re Lipsky*, 460 S.W.3d at 590. Nor did she present any evidence that Goslin read Exhibit A and understood its purportedly defamatory import. *See Rincones*, 520 S.W.3d at 579; *Mars*, 71 S.W.3d at 436–37. Furthermore, Exhibit A does not refer to Indeed in any way; Harrison's contention on appeal that it contains a request to share the purportedly defamatory communication with job boards like Indeed is inconsistent with the document, which includes no such request. For these reasons, even when Exhibit A is viewed in the light most favorable to Harrison, it does not support a rational inference that Heard & Smith published the allegedly defamatory communications in that document to a third party. *See Mars*, 71 S.W.3d at 438–41 (circulation of allegedly defamatory e-mails within defendant company or by employees acting outside scope of their duties did not support jury finding that company published e-mails to third party); *see also Rincones*, 520 S.W.3d at 579.

Harrison's remaining TCPA exhibits similarly do not support a rational inference that Heard & Smith published false and defamatory statements of fact to a third party. Exhibit B is a job posting for the position to which Harrison applied at Heard & Smith. It does not contain any statements, defamatory or otherwise, about Harrison. *See* TEX. CIV. PRAC. & REM. CODE § 73.001; *Vice v. Kasprzak*, 318 S.W.3d 1, 13 (Tex. App.—Houston [1st Dist.] 2009, pet. denied)

---

[4] During the TCPA hearing, Harrison argued Goslin was "the person who worked with Jobvite" and "the representative for Jobvite," and she appeared to argue Goslin was the "third party" to whom the allegedly defamatory statements were published. She also stated, however, that "LinkedIn shows [Goslin] working at Heard & Smith," and her second written response identified Goslin as "Defendant's pre-screener." And, as noted above, her first written response appeared to allege that Heard & Smith hired Jobvite to perform tasks associated with hiring new employees. *See Mars*, 71 S.W.3d at 437. On this record, we cannot say the trial court erred by concluding Harrison did not present "the minimum quantum of evidence necessary to support a rational inference that" Goslin was a third party to Heard & Smith. *See In re Lipsky*, 460 S.W.3d at 590.

("A defamatory statement must be directed at the plaintiff as an ascertainable person to be actionable.").

Exhibits C and G, which are identical, contain three e-mail messages. The first e-mail, which was sent by Goslin on March 21, 2022, stated, "Your [Harrison's] application . . . stood out to us [Heard & Smith]" and inquired about Harrison's availability for a job interview. The second, which Harrison sent on March 24, 2022, thanked Goslin "for the opportunity to interview for" the position at Heard & Smith. The third, which was sent by "Recruiting Team" on March 25, 2022, informed Harrison that Heard & Smith had "decided not to proceed with [her] application at this time." Like Exhibit A, Exhibits C and G bear Jobvite's name but do not contain any information to support a rational inference that they were published to a third party outside of Heard & Smith. *See Rincones*, 520 S.W.3d at 579; *Mars*, 71 S.W.3d at 436–37. Furthermore, Harrison has not identified any statements in these exhibits that are reasonably capable of defamatory meaning. *See* TEX. CIV. PRAC. & REM. CODE § 73.001; *Dall. Morning News*, 554 S.W.3d at 624; *John Moore Servs.*, 441 S.W.3d at 355–56.

Exhibit D consists of a list of "Remote FT Customer Service Screening Questions" and what appear to be Harrison's answers to the questions. This document bears Heard & Smith's name, but again, Harrison has not identified any statements in it that are reasonably capable of defamatory meaning. *See* TEX. CIV. PRAC. & REM. CODE § 73.001; *Dall. Morning News*, 554 S.W.3d at 624; *John Moore Servs.*, 441 S.W.3d at 355–56. Nor does Exhibit D contain any information to support a finding that it was published to a third party outside of Heard & Smith. *See Rincones*, 520 S.W.3d at 579; *Mars*, 71 S.W.3d at 436–37.

Exhibit E[5] contains what appear to be handwritten notes taken by Kristen Smith during Harrison's interview. This document bears Heard & Smith's name and does not show any indication it was published to any third parties outside the firm. *See Rincones*, 520 S.W.3d at 579; *Mars*, 71 S.W.3d at 436–37.

As explained above, Exhibit F is an e-mail confirming that Heard & Smith received Harrison's employment application. It does not show any indication that it was published to a third party, and Harrison has not identified any statements in it that are reasonably capable of defamatory meaning. *See* TEX. CIV. PRAC. & REM. CODE § 73.001; *Dall. Morning News*, 554 S.W.3d at 623; *Rincones*, 520 S.W.3d at 579; *John Moore Servs.*, 441 S.W.3d at 355–56.

Exhibit H consists of: (1) an e-mail Harrison sent to support@indeed.zendesk.com which requested the removal of "[her] data" and "[her] personal information"; and (2) two e-mails from contactus@hrtechprivacy.com that appear to indicate the recipient of Harrison's e-mail complied with her request. Harrison argued below that this exhibit shows her "personal profile statements [were] given to" Indeed. However, neither Exhibit H itself nor Harrison's TCPA responses describe the information Indeed purportedly had in its possession. As a result, the record contains nothing to support a rational inference that the information was defamatory. *See* TEX. CIV. PRAC. & REM. CODE § 73.001; *Dall. Morning News*, 554 S.W.3d at 624; *John Moore Servs.*, 441 S.W.3d at 355–56. Furthermore, Exhibit H does not show that Indeed received any information about Harrison from Heard & Smith, and Harrison's TCPA response noted, "Further investigation is ongoing to determine the source of the personal data." *See, e.g.*, *WFAA-TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998) (defamation plaintiff must show defendant published the allegedly defamatory statement); *Mars*, 71 S.W.3d at 441.

---

[5] Like Exhibit A, Exhibit E contains statements that Harrison alleges were defamatory. As with Exhibit A, we express no opinion about whether those statements constitute actionable defamation. *See, e.g.*, *John Moore Servs.*, 441 S.W.3d at 355–56.

After reviewing Harrison's petition, her written responses to Heard & Smith's TCPA motion, and the exhibits to her responses, we hold Harrison did not meet her burden to present clear and specific evidence to establish a prima facie case for each required element of her defamation claims. TEX. CIV. PRAC. & REM. CODE § 27.005(c). Accordingly, the trial court did not err by granting Heard & Smith's TCPA motion. *See id.*; *Day*, 579 S.W.3d at 823.

## CONCLUSION

We affirm the trial court's order granting Heard & Smith's TCPA motion to dismiss.


Beth Watkins, Justice