William WALLING

v.

Frank METCALFE and
Denim & Lace, Inc.

No. D–3844.

Supreme Court of Texas.

Oct. 6, 1993.

Eric G. Carter, Houston, for petitioner.

Syd Phillips, Houston, for respondents.

PER CURIAM.

This case presents two issues, one substantive the other procedural. First, must a party seeking a preliminary or temporary injunction plead a cause of action for equitable relief? Second, in an accelerated appeal under TEX.R.APP.P. 42 in which the parties have filed briefs, may a court of appeals rule on an issue that no party has raised in any point of error? The answer to both questions is no. Accordingly, a majority of the court reverses the judgment of the court of appeals and remands to that court for further proceedings consistent with this opinion.

I

This case arises out of a suit for breach of contract. Frank Metcalfe owns and operates a Houston club called the Wagon Wheel

through Denim & Lace, Inc. (D & L), a Texas corporation in which he holds 99 percent of the shares. On July 14, 1992, Metcalfe executed a management agreement with William "Red" Walling, who has considerable experience managing nightclubs. The contract provided that Walling would manage the club in exchange for a salary, half the profits, and a six-month option to purchase D & L and its assets for $65,000. If Walling failed to exercise his option before it expired, either party could cancel the contract upon 30 days' written notice.

Walling claims that he exercised his option on January 8, 1993, by orally notifying Metcalfe that he wished to purchase the assets of D & L, but not the stock.

On January 15, the day the option was set to expire, Metcalfe notified Walling in writing that he was terminating the contract. On January 25, Walling responded that he had exercised his option and claimed that Metcalfe had violated their agreement by sending notice of termination.

Walling filed suit for breach of contract on January 27. His original petition prayed for (1) *damages* for breach of contract, (2) a temporary restraining order ·against Metcalfe, (3) a temporary injunction against Metcalfe, and (4) "such other and further relief, general or special, in law or in equity, to which Plaintiff may show himself justly entitled." His prayer did not expressly request specific performance of the contract.

The trial court issued the restraining order and, after a hearing, issued the temporary injunction. Metcalfe appealed. The matter proceeded as an accelerated appeal under Tex.R.App.P. 42. Both parties filed briefs.

During oral argument, the court of appeals raised the issue of whether Walling's live pleading could support a temporary injunction when it did not expressly request specific performance. Metcalfe had not raised this issue before the trial court or in any point of error presented on appeal.

The court of appeals reversed the judgment of the trial court, holding that the temporary injunction was an abuse of discretion because Walling did not expressly pray for specific performance. Because Metcalfe had not raised the adequacy of Walling's pleadings in any point of error, but only the general point that Walling did not show a probable right to recover, a divided court of appeals went on to hold that on a Tex. R.App.P. 42 accelerated appeal in which briefs have been filed, it has the authority, by extension, under Tex.R.App.P. 42(c) to rule on an issue that no party raised in any point of error.[1]

## II

The court of appeals held, "To be entitled to a temporary injunction, Walling had to show ... that he had a cause of action entitling him to *the final relief he seeks by injunction*." 856 S.W.2d 580, 584. According to the court of appeals, Walling's cause of action for money damages alone is not sufficiently "related" to the temporary equitable relief he seeks to support the writ of injunction. *Id.*

We disagree. It is enough that Walling pled *a cause of action* for damages resulting from breach of contract. *See Sun Oil Co. v. Whitaker*, 424 S.W.2d 216, 218 (Tex. 1968). A trial court may grant a temporary writ of injunction to preserve the status quo pending trial even though the applicant's prayer does not include a claim for equitable relief following determination of the merits. *Id; Davis v. Huey*, 571 S.W.2d 859, 861–62 (Tex.1978). In such cases, however, a temporary injunction should only issue if the applicant establishes a probable right on final trial to the relief sought, and a probable injury in the interim. *Sun Oil* at 218. Damages are usually an adequate remedy at law, and the requirement of demonstrating an interim injury is not to be taken lightly.

In general, a temporary injunction is an extraordinary remedy and does not issue as a matter of right. *Brotherhood of*

---

1. Ordinarily, this court has no jurisdiction to hear an appeal from an order creating or dissolving a temporary injunction. Tex.Gov't Code Ann. § 22.225(b)(5) (Vernon 1985). In this case, we have jurisdiction under Tex.Gov't Code Ann. §§ 22.001(a)(1), 22.225(c) (Vernon 1985), to hear this appeal because a member of the panel below dissented.

*Locomotive Eng'rs v. Missouri–Kansas–Texas Ry. Co.*, 363 U.S. 528, 531–32, 80 S.Ct. 1326, 1329, 4 L.Ed.2d 1379 (1960), *reh'g denied*, 364 U.S. 854, 81 S.Ct. 31, 5 L.Ed.2d 78 (1960). The decision to grant or deny a temporary writ of injunction lies in the sound discretion of the trial court, and the court's grant or denial is subject to reversal only for a clear abuse of that discretion. *State v. Walker*, 679 S.W.2d 484 (Tex.1984). At the hearing for a temporary writ of injunction, the applicant is not required to establish that she will prevail on final trial, *Sun Oil*, at 218; the only question before the trial court is whether the applicant is entitled to preservation of the status quo pending trial on the merits. *Iranian Muslim Org. v. City of San Antonio*, 615 S.W.2d 202, 208 (Tex.1981).

The court of appeals suggests that our recent holding in *Valenzuela v. Aquino*, 853 S.W.2d 512 (Tex.1993), requires any applicant for a temporary injunction to plead a cause of action that would entitle him or her to the same relief upon determination of the merits. In *Valenzuela*, we held that the plaintiff was not entitled to a permanent injunction because "the trial court's judgment cannot be based on either of the theories pleaded by Aquino." *Id.* at 513. The jury in *Valenzuela* had found in Aquino's favor only on a claim for negligent infliction of emotional distress, a cause of action not cognizable under Texas law. *Id; Boyles v. Kerr*, 855 S.W.2d 593 (Tex.1993). The injunction had no support from any cause of action because the only claim in the pleadings to support the judgment was a claim upon which no Texas court may grant relief. In light of *Valenzuela*, the issue in determining whether an applicant has met the first qualification for a temporary writ of injunction is not whether the prayer seeking the writ and the ultimate cause of action are "related," but whether the applicant has a cause of action at all.

■ In the present case, Walling prayed for damages for breach of contract. Even though Walling did not pray for specific performance, the trial court had discretion to preserve the status quo so long as Walling demonstrated his probable right to recover

damages and probable injury in the time before trial. *Sun Oil*, at 218.

The court of appeals reversed the trial court on the alternate ground that Walling had an adequate remedy at law. However, the court's reasoning reveals that this apparently alternate ground is in fact indistinguishable from the court's initial ground for reversal:

> An injunction will not issue if damages are sufficient to compensate the plaintiff[.] . . . [citation omitted] In his lawsuit, Walling asks for money damages for breach of contract, rather than the equitable remedy of specific performance. The trial court therefore granted injunctive relief to which Walling was not entitled.

856 S.W.2d at 584. Simply because the applicant for a temporary injunction asks only for damages as ultimate relief does not guarantee that damages are completely adequate as a remedy. Although it is unusual, circumstances can arise in which a temporary injunction is appropriate to preserve the status quo pending an award of damages at trial. *See, e.g., Roland Mach. Co. v. Dresser Indus., Inc.*, 749 F.2d 380, 386 (7th Cir.1984) (identifying situations in which damages alone do not provide an adequate remedy at law and a preliminary injunction is therefore appropriate relief). We hold that the court of appeals was in error in reversing the trial court on the ground that Walling had not prayed for specific performance of the contract.

### III

■ The court of appeals was also in error in ruling on the adequacy of Walling's pleadings at all. We have held repeatedly that the courts of appeals may not reverse the judgment of a trial court for a reason not raised in a point of error. *Vawter v. Garvey*, 786 S.W.2d 263, 264 (Tex.1990); *San Jacinto River Auth. v. Duke*, 783 S.W.2d 209, 210 (Tex.1990).

■ Nevertheless, the court of appeals decided that Tex.R.App.P. 42 accelerated appeals are an exception to the general rule. We disagree. Tex.R.App.P. 42(c) provides, in relevant part, "The court of appeals may . . . allow the case to be submitted without

briefs." This rule contains nothing that would permit a court of appeals to decide *issues* without briefing in cases that are otherwise fully briefed. It only grants the courts of appeals the authority to permit the parties to an appeal to submit the *whole case* without briefs on accelerated appeal.

Because the court of appeals ruled as it did, it never reached the issues presented on appeal. Accordingly, pursuant to Tex. R.App.P. 170, without hearing oral argument a majority of this court reverses the judgment of the court of appeals and remands this case for further proceedings consistent with this opinion.