Kenneth W. MOON, Appellant,

v.

The ESTATE OF L.A. MOON, Appellee.

No. 06–06–00113–CV.

Court of Appeals of Texas, Texarkana.

Submitted March 9, 2007.

Decided April 25, 2007.

Rehearing Overruled May 15, 2007.

Lana Johnson–Johnston, Attorney At Law, Tyler, for appellant.

Phillip B. Baldwin, Jr., Phillip B. Baldwin, Jr., PC, Marshall, for appellee.

Before MORRISS, C.J., CARTER and CORNELIUS,* JJ.

## OPINION

Opinion by Justice CARTER.

This is an appeal from a temporary injunction restraining Kenneth Moon from enforcing a prior judgment and withdrawing funds from a bank account pending resolution of other claims raised against Kenneth in the probate proceeding.[1] In a previous case appealed to this Court, it was shown that all of the funds in two bank accounts held in the name of L.A. Moon and Kenneth Moon were placed there by L.A. Moon. At that time, the trial court had entered a judgment directing the bank to tender the funds to L.A. Moon's guardian. *See Moon,* 216 S.W.3d at 508. L.A. Moon died shortly thereafter, and in the closing of the guardianship proceeding, the same trial court entered a judgment that the sum of $67,744.92 out of a particular investment fund should be paid over to Kenneth due to the survivorship terms of the account. That document was signed May 12, 2006. Three months later, an application for temporary injunc-

---

* William J. Cornelius, Chief Justice, Retired, Sitting by Assignment

1. *In re Guardianship of Moon,* 216 S.W.3d 506 (Tex.App.-Texarkana, 2007, no pet. h.).

tion was heard by the same court, which ultimately, on November 7, 2006, issued a temporary injunction restraining Kenneth from obtaining those funds until claims against him in L.A. Moon's probate proceeding were resolved. The court also required the independent executor acting on behalf of the estate of L.A. Moon to deposit a bond in that amount to secure Kenneth's rights.

■ Kenneth Moon first contends on appeal the trial court erred by refusing to dismiss the case based on res judicata, collateral estoppel, or limitations because the issues were raised in a prior suit. He cites *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627 (Tex.1992), as authority for that general proposition, but does not explain how that proposition should be applied to this order. Further, even extrapolating from the statement of facts set out in the brief, there is nothing that would evoke the application of that concept. In the previous appeal from the guardianship proceeding, we expressly stated the trial court disposed of only the matters decided by the jury. *Moon*, 216 S.W.3d at 509. Kenneth's summary of the argument indicates an attempt to end the entirety of the probate proceeding—which seeks (among other things) an accounting of funds taken by Kenneth from L.A. Moon during the guardianship based on res judicata. No basis for such relief has been shown. The contention of error is overruled.

■ Kenneth next contends that the court erred by issuing a temporary injunction because there was no evidence that a cause of action existed against him, or a probable right to relief, or an imminent and irreparable injury to the estate of L.A. Moon.

■ An applicant for a temporary injunction seeks extraordinary equitable relief. *In re Texas Natural Res. Conservation Comm'n*, 85 S.W.3d 201, 204 (Tex. 2002). A temporary injunction's purpose is to preserve the status quo of the litigation's subject matter pending a trial on the merits. *Walling v. Metcalfe*, 863 S.W.2d 56, 57 (Tex.1993). To obtain a temporary injunction, the applicant must plead and prove three specific elements: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex.2002); *Walling*, 863 S.W.2d at 57. An injury is irreparable if the injured party cannot be adequately compensated in damages or if the damages cannot be measured by any certain pecuniary standard. *Butnaru*, 84 S.W.3d at 204; *Canteen Corp. v. Republic of Tex. Props., Inc.*, 773 S.W.2d 398, 401 (Tex.App.-Dallas 1989, no writ).

■ Whether to grant or deny a temporary injunction is within the trial court's sound discretion. *Walling*, 863 S.W.2d at 58. The reviewing court must not substitute its judgment for the trial court's judgment unless the trial court's action was so arbitrary that it exceeded the bounds of reasonable discretion. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 918 (Tex.1985).

The difficulty with this case lies in the paucity of the evidence presented at the hearing on the temporary injunction. The estate called Elizabeth Browning as a witness who, according to counsel, could testify that Kenneth withdrew funds from an account of L.A. Moon after L.A. had revoked his power of attorney. However, Browning did nothing more than identify herself before counsel began debating about a number of matters, and the estate's counsel ultimately allowed her to leave the stand and attempted to make his proof by questioning Kenneth.

Kenneth was remarkably unresponsive when answering questions about his financial status or the source or disposition of funds he had obtained from any source. He testified he did not know if he had liquid assets that could satisfy a judgment in the amount of $100,000.00 and simply could not remember even approximate times within the last two to three years when he had been involved in money transfers each involving over $50,000.00. No specific information was provided. The court also noted there was nothing to guarantee that the property would still exist at the end of the litigation.

In what was virtually the only clear answer he provided, Kenneth testified in response to his attorney's question that he owns real estate in Marshall, Harrison County, that had been transferred to him by the estate of L.A. Moon, valued at over $100,000.00. There were no details.

The pleadings in this case show that the estate, acting through its independent executor, T.C. Moon, had brought a number of claims against Kenneth.[2] There is some evidence Kenneth was so unknowing or recalcitrant about disclosing even the existence of any of his assets, much less specific information, that it was proper for the trial court to conclude that, in the absence of an injunction restraining him from collecting these funds, they might disappear, and the estate might forever be unable to recover any judgment.

It appears from the record that the estate intended for that to be shown by Browning's testimony, but she did not provide that evidence through her testimony, and although there was considerable discussion and argument by counsel on the

nature and strength of some of the claims against Kenneth, this record contains insufficient evidence to show the existence or the strength of any such claims. At one point, counsel for the executor stated that signature cards introduced at the previous trial showed that the funds originated from L.A. Moon's account and that Kenneth used L.A. Moon's funds to establish an account in his own name. Counsel then argued that was a prima facie breach of fiduciary duty, to which the court responded, "Well, it would be if that was presented."

We recognize that the trial judge was likely relying, in large part, on his memory of other proceedings involving these parties. This is the same court and judge that heard the guardianship proceeding and stated that, even though he knew this hearing had to stand on its own, it was hard for him to forget that he had told all of the parties that, if the estate wanted to make these claims about these accounts, he would grant an injunction to hold the accounts pending the litigation. It appears the trial judge intended to rely on facts and documents that he judicially noticed to support the granting of this injunction. However, those judicially noticed facts as recited into the record by the trial judge are inadequate to support the elements required for the issuance of a temporary injunction.

▆ The test for abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action; rather, it is a question of whether the court acted without reference to any guiding rules or principles, and the mere fact that a trial

---

2. The claims against Kenneth allege a number of bad acts, including transferring funds of L.A. Moon into his own accounts during a time period while Kenneth had a power of attorney—which L.A. Moon revoked only two months later, and conversion of bank funds the day after L.A. Moon had a stroke and was hospitalized, and conversion of rents on a number of rental houses, apartments, and a washateria.

court may decide a matter within its discretionary authority differently than an appellate judge does not demonstrate such an abuse. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238 (Tex.1985).

■ Under an abuse of discretion standard, the court of appeals cannot overrule the trial court's decision unless the trial court acted unreasonably or in an arbitrary manner, without reference to guiding rules or principles. *Beaumont Bank, N.A. v. Buller,* 806 S.W.2d 223, 226 (Tex.1991); *Davis v. Huey,* 571 S.W.2d 859, 861–62 (Tex.1978). Moreover, the court of appeals cannot substitute its judgment for the trial court's reasonable judgment even if it would have reached a contrary conclusion. *Walker v. Packer,* 827 S.W.2d 833, 839–40 (Tex.1992); *Buller,* 806 S.W.2d at 226.

■ The trial court abuses its discretion in granting a temporary injunction when the evidence does not reasonably support the conclusion that the applicant has a probable right of recovery. *State v. Southwestern Bell Tel. Co.,* 526 S.W.2d 526, 529 (Tex.1975); *T.F.W. Mgmt., Inc. v. Westwood Shores Prop. Owners Ass'n,* 162 S.W.3d 564, 567 (Tex.App.-Houston [14th Dist.] 2004, no pet.); *Musgrave v. Brook-haven Lake Prop. Owners Ass'n,* 990 S.W.2d 386, 398 (Tex.App.-Texarkana 1999, pet. denied).

The evidence presented in this temporary injunction hearing does not reasonably support the conclusion that any act or omission of Kenneth gave rise to a cause of action by the estate of L.A. Moon or that the estate had a probable right of recovery against Kenneth-only pleadings and arguments of counsel alleging such. A party need not prove its underlying case in order to obtain a temporary injunction, but the party must show that it is probably entitled to the relief sought. To that effect in this proceeding, the trial court could not be said to have acted within the bounds of its discretion in issuing the temporary injunction.

We reverse the order and remand the case to the trial court for further proceedings consistent with this opinion.