

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-09-00088-CV
_____

CHIN TUO CHEN, Appellant

V.

RAY BRAXTON, Appellee

On Appeal from the County Court at Law No. 2
Gregg County, Texas
Trial Court No. 2009-1321-CCL2

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

## MEMORANDUM OPINION

Chin Tuo Chen began removing dirt from his property adjacent to land owned by Ray Braxton. According to geotechnical forensic engineer Homer R. Parker, the dirt removal created unstable conditions which "represent[ed] a significant potential for slope failure in the form of a landslide" that could occur on Braxton's property, "render[ing] it unsuitable for future development. Braxton sued Chen for trespass, negligence, and nuisance, and sought injunctive relief. The trial court issued a temporary injunction on September 10, 2009, commanding Chen to "desist and refrain from removing or moving any of the soil located on [his] property." In addition to appealing the issuance of the temporary injunction on sufficiency grounds, Chen attacked the trial court's failure to comply with Rule 683 of the Texas Rules of Civil Procedure, which directs courts to include a trial setting and reasons for issuing injunctions. While appeal from the first order was pending, the trial court issued an amended order including the required trial setting and a finding that "the continued removal of soil by the Defendant from his land could result in damage to Plaintiff's property." Because the only evidence presented to the court regarding the requirement to prove there was no adequate remedy at law established Braxton could receive adequate compensation for slope failure in the form of money damages, we find the trial court abused its discretion in issuing the temporary injunction.

2

# I.    Jurisdiction

While only final decisions of trial courts are appealable generally, Section 51.014(a)(4) of the Texas Civil Practice and Remedies Code permits an interlocutory appeal of a district court's grant or denial of a temporary injunction.  TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4) (Vernon 2008); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *Hinde v. Hinde*, 701 S.W.2d 637, 639 (Tex. 1985).  We also have jurisdiction to consider further appealable interlocutory orders concerning the same subject matter issued during the pendency of an appeal from such an order.  TEX. R. APP. P. 29.6(a)(1); *Ahmed v. Shimi Ventures, L.P.*, 99 S.W.3d 682, 688–89 (Tex. App.—Houston [1st Dist.] 2003, no pet.).

However, the trial court's authority to enter orders pending appeal is limited by Rule 29.5 of the Texas Rules of Appellate Procedure, which prohibits a trial court from making any order that "interferes with or impairs the jurisdiction of the appellate court or effectiveness of any relief sought or that may be granted on appeal."[1]  TEX. R. APP. P. 29.5.  In this case, Chen asked this Court to declare the first order void for failure to comply with Rule 683.[2]  Our sister courts have held where

---

[1]TEX. R. APP. P. 29.6(a)(2) grants this Court jurisdiction to review trial court orders that are entered in violation of TEX. R. APP. P. 29.5.

[2]Rule 683 of the Texas Rules of Civil Procedure states that "[e]very order granting a temporary injunction shall include an order setting the cause for trial on the merits with respect to the ultimate relief sought" and "shall set forth the reasons for its issuance."  TEX. R. CIV. P. 683; *InterFirst Bank San Felipe, N.A. v. Paz Constr. Co.*, 715 S.W.2d 640, 641 (Tex. 1986).  The requirements of Rule 683 are mandatory and must be strictly followed.  *Id.*; *see In re Office of the Attorney Gen.*, 257 S.W.3d 695, 697 (Tex. 2008); *Bay Fin. Sav. Bank, FSB v. Brown*, 142 S.W.3d 586, 591 (Tex. App.—Texarkana 2004, no pet.).  The purpose of requiring a trial date is to protect

3

an "amended order does nothing more than bring the temporary injunction into compliance with rule 683," it does not "preclude [an appellant] from challenging the validity of the injunction" or "interfere with or impair this Court's jurisdiction over the merits." *Nexus Fuels, Inc. v. Hall*, No. 05-98-02147-CV, 1999 WL 993929, at *2 (Tex. App.—Dallas Nov. 1, 1999, no pet.) (not designated for publication). In other words, the trial court's amended order does not "interfere with or impair our jurisdiction or the effectiveness of the relief sought" "because the trial court gave [Chen] all the relief he sought from us." *Tanguy v. Laux*, 259 S.W.3d 851, 855 (Tex. App.—Houston [1st Dist.] 2008, no pet.); *see also Donaho v. Bennett*, No. 01-08-00492-CV, 2008 WL 4965143, at *3 (Tex. App.—Houston [1st Dist.] Nov. 20, 2008, no pet.) (mem. op.) (amendment to fill in trial setting did not interfere with relief sought because the two injunctions were substantively the same and appellate challenges "remain[ed] alive"); *Ahmed*, 99 S.W.3d at 687, 689–90 (holding modified temporary injunction order's additional provision applicable to insurers, bond reduction, and modification of compliance dates, did not adversely affect the relief which could be granted by the court). We conclude that the trial court had authority to enter the amended temporary injunction correcting the Rule 683 deficiencies. Therefore, we overrule Chen's points of error complaining of statutory deficiencies contained in the superseded order as moot.

---

the parties so that a temporary injunction does not effectively become a permanent injunction in the absence of a final determination by the trial court. *EOG Res., Inc. v. Gutierrez*, 75 S.W.3d 50, 53 (Tex. App.—San Antonio 2002, no pet.). When a temporary injunction order does not adhere to the requirements of Rule 683, the injunction order is subject to being declared void and dissolved. *InterFirst Bank San Felipe*, 715 S.W.2d at 641 (citing *Northcutt v. Warren*, 326 S.W.2d 10, 10 (Tex. Civ. App.—Texarkana 1959, writ ref'd n.r.e.)).

Rule 27.3 of the Texas Rules of Appellate Procedure states:

> After an order or judgment in a civil case has been appealed, if the trial court modifies the order or judgment, or if the trial court vacates the order or judgment and replaces it with another appealable order or judgment, the appellate court must treat the appeal as from the subsequent order or judgment and may treat actions relating to the appeal of the first order or judgment as relating to the appeal of the subsequent order or judgment.

TEX. R. APP. P. 27.3.

Because the trial court had continuing authority to issue further orders under Rule 29.5, and because Rule 27.3 requires this Court to treat the appeal from a subsequent order, we conclude that the trial court had authority to enter the amended temporary injunction correcting the Rule 683 deficiencies, and further that we have the authority and duty to treat the appeal as being from the subsequent order. Therefore, we will address Chen's appeal on the merits attacking the sufficiency of the evidence to support the temporary injunction's issuance.

## II.     Standard of Review

The decision to grant or deny a temporary injunction is within the sound discretion of the trial court. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002) (citing *Walling v. Metcalfe*, 863 S.W.2d 56, 58 (Tex. 1993)); *Moon v. Estate of Moon*, 221 S.W.3d 327, 329 (Tex. App.—Texarkana 2007, no pet.). We will not reverse an order granting injunctive relief absent an abuse of discretion. *Moon*, 221 S.W.3d at 331; *Walling*, 863 S.W.2d at 58. The test for abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action; rather, it is a question of whether the court acted without reference to any guiding

rules or principles. *Low v. Henry*, 221 S.W.3d 609, 619–20 (Tex. 2007) (citing *Downer v. Aquamarine Operators*, 701 S.W.2d 238, 241–42 (Tex. 1985)); *Moon*, 221 S.W.3d at 331.

We view the evidence in the light most favorable to the trial court's order, indulging every reasonable inference in its favor, and determine whether the order was so arbitrary that it exceeds the bounds of reasonable discretion. *Moon*, 221 S.W.3d at 329; *IAC, Ltd. v. Bell Helicopter Textron, Inc.*, 160 S.W.3d 191, 196 (Tex. App.—Fort Worth 2005, no pet.). Abuse of discretion occurs when a trial court issues an injunction "when the evidence does not reasonably support the conclusion that the applicant has a probable right of recovery." *Moon*, 221 S.W.3d at 331. A trial court does not abuse its discretion as long as there is some evidence to support the trial court's decision. *IAC, Ltd.*, 160 S.W.3d at 196.

### III. Analysis

A temporary injunction is an extraordinary remedy and does not issue as a matter of right. *Butnaru*, 84 S.W.3d at 204; *Moon*, 221 S.W.3d at 329. To obtain a temporary injunction, Braxton was required to plead and prove: (1) a cause of action against Chen; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim. *Butnaru*, 84 S.W.3d at 204. An injury is irreparable if the injured party cannot be adequately compensated in damages or if the damages cannot be measured by any certain pecuniary standard. *Id*. (citing *Canteen Corp. v. Rep. of Tex. Props., Inc.*, 773 S.W.2d 398, 401 (Tex. App.—Dallas 1989, no writ)); *Moon*, 221

6

S.W.3d at 329. An injunction will not issue when there is a plain and adequate remedy at law. *McGlothlin v. Kliebert*, 672 S.W.2d 231, 232 (Tex. 1984).

Braxton's property contained a slope which extended down toward Chen's property. As Chen removed soil from the bottom of the slope, he created a "cut slope" that potentially affected the stability of the remainder of the slope. Parker conducted a slope stability analysis using core samples from Braxton's property and concluded the slope was "a pretty unsafe slope." The cut in the slope allowed for groundwater from Braxton's property to seep out and affect slope stability. The slope factor was 1.5, and Parker testified that at this factor, "some slopes will fail." However, he admitted that he could make "no prediction of the timing" of when, if ever, the slope would collapse. Parker stated the slope could fail the next day or could take forty years to fail. He testified, "As you take more and more soil out, increase the steepness of the inclination, then the factor of safety continues to drop." He said slope failure could be remedied, but would be expensive. The cost could be mathematically ascertained and would comprise the cost of dirt to fill in the slope, a possible retaining wall, and labor.

The trial court was within its discretion to find Braxton established a probable right to the relief sought in its petition. However, even if the trial court could exercise discretion to find slope failure was imminent if Chen continued to dig, there was no evidence suggesting damage done to the slope was irreparable. In fact, Parker's testimony established that Braxton could be adequately compensated with money damages covering the cost of slope repair. Because there was an adequate

7

remedy at law available to Braxton, he was not entitled to the extraordinary remedy of a temporary injunction. *Butnaru*, 84 S.W.3d at 204; *McGlothlin*, 672 S.W.2d at 232; *Moon*, 221 S.W.3d at 329; *see also Watson v. Telecheck Servs., Inc.*, No. 06-08-00018-CV, 2008 WL 3850671, at *2 (Tex. App.—Texarkana Aug. 20, 2008, no pet.); *N. Cypress Med. Ctr. Operating Co. v. St. Laurent*, 296 S.W.3d 171, 176–77 (Tex. App.—Houston [14th Dist.] 2009, no pets. (2)) (temporary injunction should not issue where money damages can compensate plaintiff).

Braxton has filed a claim for the costs incurred to rebuild a wall or replace soil needed as well as other claims for damages. There is evidence that those damages are capable of calculation and there is no evidence the legal remedy would be ineffective or inadequate. There is no showing of an irreparable injury.

## IV.    Conclusion

We reverse the trial court's order issuing a temporary injunction in Braxton's favor, dissolve the temporary injunction and remand for further proceedings in accordance with this opinion.


Jack Carter
Justice


Date Submitted:      December 15, 2009
Date Decided:        January 13, 2010


8