

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-10-00027-CV
_____

SPARTA TOWNSON, Appellant

V.

JOHN LIMING, M.D., Appellee

On Appeal from the Sixth Judicial District Court
Lamar County, Texas
Trial Court No. 78712

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Sparta Townson posted numerous negative statements on the Internet about Dr. John Liming. Liming sued Townson for defamation and sought damages, declaratory judgment, and temporary and permanent injunctive relief. After a hearing, the trial court granted the temporary injunction, prohibiting Townson from making defamatory, disparaging, or libelous statements regarding Liming.

On appeal, Townson argues that the temporary injunction is defective because: (1) it is supported by insufficient factual evidence; (2) it does not represent the court's ruling from the bench; and (3) it violates her constitutional right to free speech.

We affirm the temporary injunction because: (1) there is some evidence of probable, imminent, and irreparable harm, and (2) Townson's remaining points either fail to allege error in the injunction or were not preserved for appeal.

## I.     Facts

Shortly after a relationship between Liming and a friend of Townson ended, Townson posted several negative and inflammatory statements about Liming on different Internet websites. The Internet posts accused Liming of drinking alcohol while practicing medicine, stalking women, theft, lying, and being fired from multiple doctors' offices. Liming sued Townson for defamation and sought damages, declaratory judgment, and temporary and permanent injunctive relief. The trial court granted a temporary restraining order. After a hearing on Liming's application for

temporary injunction, the trial court announced its ruling from the bench and the parties were to agree on and submit a proposed temporary injunction order. When the parties could not agree on the form or content of the proposed temporary injunction, a hearing was held on the matter and the trial court signed and entered the temporary injunction. Townson appeals from the injunction.

## II. Jurisdiction

While only final decisions of trial courts are appealable generally, Section 51.014(a)(4) of the Texas Civil Practice and Remedies Code permits an interlocutory appeal of a district court's grant or denial of a temporary injunction. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4) (Vernon 2008); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *Hinde v. Hinde*, 701 S.W.2d 637, 639 (Tex. 1985).

## III. Standard of Review

The decision to grant or deny a temporary injunction is within the sound discretion of the trial court. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002) (citing *Walling v. Metcalfe*, 863 S.W.2d 56, 58 (Tex. 1993)); *Moon v. Estate of Moon*, 221 S.W.3d 327, 329 (Tex. App.—Texarkana 2007, no pet.). We will not reverse an order granting injunctive relief absent an abuse of discretion. *Walling*, 863 S.W.2d at 58; *Moon*, 221 S.W.3d at 331. The test for abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action; rather, it is a question of whether the court acted without reference to any guiding rules or principles. *Low v. Henry*, 221 S.W.3d 609, 619–20 (Tex. 2007) (citing

3

*Downer v. Aquamarine Operators*, 701 S.W.2d 238, 241–42 (Tex. 1985)); *Moon*, 221 S.W.3d at 331.

We view the evidence in the light most favorable to the trial court's order, indulging every reasonable inference in its favor, and determine whether the order was so arbitrary that it exceeds the bounds of reasonable discretion. *Moon*, 221 S.W.3d at 329; *IAC, Ltd. v. Bell Helicopter Textron, Inc.*, 160 S.W.3d 191, 196 (Tex. App.—Fort Worth 2005, no pet.). Abuse of discretion occurs when a trial court issues an injunction "when the evidence does not reasonably support the conclusion that the applicant has a probable right of recovery." *Moon*, 221 S.W.3d at 331. A trial court does not abuse its discretion as long as there is some evidence to support the trial court's decision. *IAC, Ltd.*, 160 S.W.3d at 196.

A temporary injunction's purpose is to preserve the status quo of the litigation's subject matter pending a trial on the merits. *Walling*, 863 S.W.2d at 57; *Electronic Data Sys. Corp. v. Powell*, 508 S.W.2d 137, 139 (Tex. App.—Dallas 1974, no writ). A temporary injunction is an extraordinary remedy and does not issue as a matter of right. *Walling*, 863 S.W.2d at 57. To obtain a temporary injunction, the applicant must plead and prove three specific elements: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim. *Id.*; *Sun Oil Co. v. Whitaker*, 424 S.W.2d 216, 218 (Tex. 1968). An injury is irreparable if the injured party cannot be adequately compensated in damages or if the damages cannot be measured by any certain pecuniary standard. *Canteen*

4

*Corp. v. Republic of Tex. Props., Inc.*, 773 S.W.2d 398, 401 (Tex. App.—Dallas 1989, no writ).

## IV.     Evidence of Harm

There is some evidence of probable, imminent, and irreparable harm.

> The trial court found that:
>
> if the commission of [Townson's] acts are not enjoined immediately, John Liming, M.D., will suffer irreparable injury because his reputation will be damaged, he will lose patients, and he will lose his collaboration with Dr. Ted McLemore, Paris Regional Medical Center, the University of Texas at Tyler and a Dallas Pulmonary Clinic.

Townson appears to contend that the evidence supporting this finding was factually insufficient.[1,2]

While this point of error is inadequately briefed, we nevertheless address it.

> Here, the issue is whether there is "some evidence" of a probable, imminent, and

---

[1] Liming cites *Operation Rescue-National v. Planned Parenthood of Houston & Southeast Texas, Inc.* for the proposition that Townson waived this point of error by failing to request additional or amended findings of fact. 937 S.W.2d 60 (Tex. App.—Houston [14th Dist.] 1996), *aff'd as modified*, 975 S.W.2d 546 (Tex. 1998). In *Operation Rescue-National*, a party complained that the trial court failed to make sufficient factual findings to support injunctive relief. *Id.* at 82–83. However, in this point of error, Townson appears to complain of the lack of evidentiary support for one of the trial court's factual findings. *Id.* Therefore, *Operation Rescue-National* is distinguishable.

[2] The trial court also found that Townson made false statements that were defamatory per se. Townson complains of the trial court's failure to identify which statements were defamatory per se. Townson failed to preserve this issue for our review. While every order granting an injunction must set forth the underlying reasons for its issuance, if the enjoined party wishes additional, detailed findings, the party may make a request under the rules of procedure governing findings of fact generally. *Transport Co. of Tex. v. Robertson Transports, Inc.*, 152 Tex. 551, 261 S.W.2d 549, 553 (1953). Where a party fails to timely request additional or amended findings of fact, an appellant's points complaining of the trial court's failure to make certain and specific factual findings are waived. *Century Indem. Co. v. First Nat'l Bank of Longview*, 272 S.W.2d 150 (Tex. Civ. App.—Texarkana 1954, no writ).

irreparable injury to Liming. The trial court found that Townson's statements were defamatory per se.[3] In a case of defamation per se, actual damages to a victim's reputation are presumed. *Leyendecker & Assocs. v. Wechter*, 683 S.W.2d 369, 374 (Tex. 1984) ("Once injury to reputation is established, a person defamed may recover general damages without proof of other injury."); *Knox*, 992 S.W.2d at 60 ("In the recovery on a claim of defamation per se, the law presumes actual damages and no independent proof of damages to reputation or of mental anguish is required.").

If damages cannot compensate for any wrong committed by Townson, or if the damages are not measurable by any certain pecuniary standard, then the injury is irreparable and the injunction should issue. *Butnaru*, 84 S.W.3d at 204; *Tom James Co. v. Mendrop*, 819 S.W.2d 251, 253 (Tex. App.—Fort Worth 1991, no writ). The caselaw does not define "certain." Looking elsewhere, Webster's defines "certain" as "fixed, settled," "known or proved to be true," and "indisputable." WEBSTER'S COLLEGIATE DICTIONARY 202 (11th ed. 2006).

Here, Townson argues that the testimony of Dr. Ted McLemore and Liming establish that Liming has not and will not suffer any injury. After having read Townson's statements about Liming, McLemore testified that they did not change his opinion of Liming at all and that he continued his collaboration with Liming. Liming testified that he had not lost any contacts "yet," but when asked which contacts he anticipated losing because of Townson's statements, he testified

---

[3]Defamation per se is spoken, written, or printed words that are so obviously hurtful to the person aggrieved that they require no proof of their injurious character to make them actionable. *Knox v. Taylor*, 992 S.W.2d 40, 50 (Tex. App.—Houston [14th Dist.] 1999, no pet.). Defamation is actionable per se if it injures a person in his or her office, business, profession, or occupation. *Id.*

that he had "three applications to hospitals for privileges pending" and that he would "not go back to hospitals where [his] reputation [was] not established." Liming also testified that Townson's statements caused nurses to have a lesser opinion of him.

Townson does not deny making defamatory per se statements about Liming: therefore, damages to his reputation are presumed. That presumption is further supported by the nature of Townson's attacks on Liming as a physician and his pending contractual concerns at various hospitals and medical centers. The value of lost patients, lost business contacts and collaborations, and lost hospital privileges are anything but fixed, settled, and indisputable. Rather, by their very nature, it is likely that Liming might never even be aware of specific patients and business contacts lost. Indulging every reasonable inference in support of the trial court's orders, we find that there is some evidence of probable, imminent, and irreparable injury. Accordingly, we overrule this point of error.

## V. Failure to Include the Trial Court's Explanation in the Injunction Does Not Constitute Reversible Error

The language of the injunction prohibits Townson from contacting Liming's patients, employers, employees, contractors, or business partners. At the hearing, the trial judge explained, from the bench, that he would sign the injunction as written, but that Townson could contact Liming's patients, employers, employees, contractors, or business partners for trial preparation purposes. The trial judge stated that "in no way do I want this [injunction] to in any way impair you preparing for trial . . . ." On appeal, Townson asserts that the temporary injunction should be

7

set aside because it does not contain the explanation given from the bench.

A judgment or order that is rendered in writing and signed by the trial judge becomes the official judgment of the court. *See Harrington v. Harrington*, 742 S.W.2d 722, 724 (Tex. App.—Houston [1st Dist.] 1987, no writ). Any time there is a conflict between oral pronouncements made by a trial judge and his or her written judgment or order, the matters set forth in the written order control. *In re JDN Real Estate-McKinney, L.P.*, 211 S.W.3d 907, 914 n. 3 (Tex. App.—Dallas, 2006, pet. denied) (holding that a written order controlled over conflicting oral pronouncement); *see also Capital Fin. & Commerce AG v. Sinopec Overseas Oil & Gas, Ltd.*, 260 S.W.3d 67, 85 (Tex. App.—Houston [1st Dist.] 2008, no pet.) ("Recitals in a judgment or signed order of the court thus control over conflicting recitals in the record.").

Townson fails to cite, and we are unable to find, any caselaw indicating that an otherwise valid written order is void, voidable, or otherwise reversible because the trial court's oral pronouncements were not explicitly contained therein. Therefore, the written order controls, and we overrule this point of error for failure to allege reversible error.

## VI. Townson Failed to Preserve for Appeal Her Attack on the Injunction's Constitutionality

In her final point of error, Townson contends that the injunction is so overly broad that it is a violation of her constitutional right to free speech.

In order to preserve an issue for appellate review, a timely and specific objection is required. TEX. R. APP. P. 33.1(a)(1)(A); TEX. R. EVID. 103(a)(1). During the November 2009

8

temporary injunction hearing, without identifying any specific provision, Townson argued that the temporary restraining order, which was entered ex parte, was "far overbroad" and that it "completely wiped away" her right to free speech. No further written order was entered at that time. At the March 6, 2010, hearing on Liming's motion to sign the injunction order, Townson generally objected to the proposed injunction because "it's overbroad, it's vague and ambiguous." However, at no time during the motion to sign hearing did Townson advance any specific objection to the injunction's constitutionality or otherwise reference her right to free speech. Under these facts, we find that "overbroad . . . vague and ambiguous" is not a sufficiently specific objection to preserve this error for appellate review. Accordingly, we affirm the temporary injunction.

Jack Carter
Justice

Date Submitted:     July 5, 2010
Date Decided:     July 14, 2010

9