In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00027-CV

                                                ______________________________

 

 

                                       SPARTA TOWNSON,
Appellant

 

                                                                V.

 

                                        JOHN LIMING, M.D., Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the Sixth
Judicial District Court

                                                             Lamar County, Texas

                                                            Trial
Court No. 78712

 

                                                          
                                        

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                              Memorandum Opinion by Justice Carter








                                                      MEMORANDUM
OPINION

            Sparta
Townson posted numerous negative statements on the Internet about Dr. John
Liming.  Liming sued Townson for
defamation and sought damages, declaratory judgment, and temporary and
permanent injunctive relief.  After a
hearing, the trial court granted the temporary injunction, prohibiting Townson
from making defamatory, disparaging, or libelous statements regarding Liming. 

            On appeal,
Townson argues that the temporary injunction is defective because:  (1) it is supported by insufficient factual
evidence; (2) it does not represent the court’s ruling from the bench; and (3)
it violates her constitutional right to free speech.

            We affirm
the temporary injunction because:  (1)
there is some evidence of probable, imminent, and irreparable harm, and (2)
Townson’s remaining points either fail to allege error in the injunction or
were not preserved for appeal. 

I.          Facts

            Shortly
after a relationship between Liming and a friend of Townson ended, Townson
posted several negative and inflammatory statements about Liming on different Internet
websites.  The Internet posts accused
Liming of drinking alcohol while practicing medicine, stalking women, theft,
lying, and being fired from multiple doctors’ offices.  Liming sued Townson for defamation and sought
damages, declaratory judgment, and temporary and permanent injunctive
relief.  The trial court granted a temporary
restraining order.  After a hearing on
Liming’s application for temporary injunction, the trial court announced its
ruling from the bench and the parties were to agree on and submit a proposed
temporary injunction order.  When the
parties could not agree on the form or content of the proposed temporary
injunction, a hearing was held on the matter and the trial court signed and
entered the temporary injunction. 
Townson appeals from the injunction. 

II.        Jurisdiction

            While only
final decisions of trial courts are appealable generally, Section 51.014(a)(4)
of the Texas Civil Practice and Remedies Code permits an interlocutory appeal
of a district court’s grant or denial of a temporary injunction. Tex. Civ. Prac. & Rem. Code Ann. §
51.014(a)(4) (Vernon 2008); Lehmann v.
Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001); Hinde v. Hinde, 701 S.W.2d 637, 639 (Tex. 1985).

III.       Standard of Review

            The decision
to grant or deny a temporary injunction is within the sound discretion of the
trial court.  Butnaru v. Ford Motor Co., 84 S.W.3d 198, 204 (Tex. 2002) (citing Walling v. Metcalfe, 863 S.W.2d 56, 58
(Tex. 1993)); Moon v. Estate of Moon,
221 S.W.3d 327, 329 (Tex. App.—Texarkana 2007, no pet.).  We will not reverse an order granting
injunctive relief absent an abuse of discretion.  Walling,
863 S.W.2d at 58; Moon, 221 S.W.3d at
331.  The test for abuse of discretion is
not whether, in the opinion of the reviewing court, the facts present an appropriate
case for the trial court’s action; rather, it is a question of whether the
court acted without reference to any guiding rules or principles.  Low v.
Henry, 221 S.W.3d 609, 619–20 (Tex. 2007) (citing Downer v. Aquamarine Operators, 701 S.W.2d 238, 241–42 (Tex. 1985));
Moon, 221 S.W.3d at 331.          

            We view the
evidence in the light most favorable to the trial court’s order, indulging
every reasonable inference in its favor, and determine whether the order was so
arbitrary that it exceeds the bounds of reasonable discretion.  Moon,
221 S.W.3d at 329; IAC, Ltd. v. Bell
Helicopter Textron, Inc., 160 S.W.3d 191, 196 (Tex. App.—Fort Worth 2005,
no pet.).  Abuse of discretion occurs
when a trial court issues an injunction “when the evidence does not reasonably
support the conclusion that the applicant has a probable right of recovery.”  Moon,
221 S.W.3d at 331.  A trial court does
not abuse its discretion as long as there is some evidence to support the trial
court’s decision.  IAC, Ltd., 160 S.W.3d at 196.

            A temporary
injunction’s purpose is to preserve the status quo of the litigation’s subject
matter pending a trial on the merits.  Walling, 863 S.W.2d at 57; Electronic Data Sys. Corp. v. Powell,
508 S.W.2d 137, 139 (Tex. App.—Dallas 1974, no writ).  A temporary injunction is an extraordinary
remedy and does not issue as a matter of right.  Walling,
863 S.W.2d at 57.  To obtain a temporary
injunction, the applicant must plead and prove three specific elements:  (1) a cause of action against the defendant;
(2) a probable right to the relief sought; and (3) a probable, imminent, and
irreparable injury in the interim.  Id.; Sun
Oil Co. v. Whitaker, 424 S.W.2d 216, 218 (Tex. 1968).  An injury is irreparable if the injured party
cannot be adequately compensated in damages or if the damages cannot be
measured by any certain pecuniary standard.  Canteen
Corp. v. Republic of Tex. Props., Inc., 773 S.W.2d 398, 401 (Tex. App.—Dallas
1989, no writ).

 

 

IV.       Evidence of Harm

There is some evidence of probable, imminent, and irreparable
harm. 

            The trial
court found that:

if the commission of [Townson’s] acts are not
enjoined immediately, John Liming, M.D., will suffer irreparable injury because
his reputation will be damaged, he will lose patients, and he will lose his
collaboration with Dr. Ted McLemore, Paris Regional Medical Center, the
University of Texas at Tyler and a Dallas Pulmonary Clinic.

 

Townson appears to contend that the evidence supporting this
finding was factually insufficient.[1],[2]
While this point of error is inadequately briefed, we nevertheless address it.

            Here, the
issue is whether there is “some evidence” of a probable, imminent, and
irreparable injury to Liming.  The trial
court found that Townson’s statements were defamatory per se.[3]  In a case of defamation per se, actual damages
to a victim’s reputation are presumed.  Leyendecker & Assocs. v. Wechter,
683 S.W.2d 369, 374 (Tex. 1984) (“Once injury to reputation is established, a
person defamed may recover general damages without proof of other injury.”); Knox, 992 S.W.2d at 60 (“In the recovery
on a claim of defamation per se, the law presumes actual damages and no
independent proof of damages to reputation or of mental anguish is required.”).

            If damages
cannot compensate for any wrong committed by Townson, or if the damages are not
measurable by any certain pecuniary standard, then the injury is irreparable
and the injunction should issue.  Butnaru, 84 S.W.3d at 204; Tom James Co. v. Mendrop, 819 S.W.2d 251,
253 (Tex. App.—Fort Worth 1991, no writ). 
The caselaw does not define “certain.”  Looking elsewhere, Webster’s defines “certain”
as “fixed, settled,” “known or proved to be true,” and “indisputable.”  Webster’s
Collegiate Dictionary 202 (11th ed. 2006).

            Here,
Townson argues that the testimony of Dr. Ted McLemore and Liming establish that
Liming has not and will not suffer any injury. 
After having read Townson’s statements about Liming, McLemore testified
that they did not change his opinion of Liming at all and that he continued his
collaboration with Liming.  Liming
testified that he had not lost any contacts “yet,” but when asked which
contacts he anticipated losing because of Townson’s statements, he testified
that he had “three applications to hospitals for privileges pending” and that
he would “not go back to hospitals where [his] reputation [was] not
established.”  Liming also testified that
Townson’s statements caused nurses to have a lesser opinion of him.  

             Townson does not deny making defamatory per se
statements about Liming: therefore, damages to his reputation are
presumed.  That presumption is further
supported by the nature of Townson’s attacks on Liming as a physician and his
pending contractual concerns at various hospitals and medical centers.  The value of lost patients, lost business
contacts and collaborations, and lost hospital privileges are anything but
fixed, settled, and indisputable. 
Rather, by their very nature, it is likely that Liming might never even
be aware of specific patients and business contacts lost.  Indulging every reasonable inference in
support of the trial court’s orders, we find that there is some evidence of
probable, imminent, and irreparable injury. 
Accordingly, we overrule this point of error.

V.        Failure
to Include the Trial Court’s Explanation in the Injunction Does Not Constitute
Reversible Error 

 

            The language of the injunction prohibits Townson from
contacting Liming’s patients, employers, employees, contractors, or business
partners.  At the hearing, the trial judge
explained, from the bench, that he would sign the injunction as written, but
that Townson could contact Liming’s patients, employers, employees, contractors,
or business partners for trial preparation purposes.  The trial judge stated that “in no way do I
want this [injunction] to in any way impair you preparing for trial . . . .”  On appeal, Townson asserts that the temporary
injunction should be set aside because it does not contain the explanation
given from the bench. 

            A judgment
or order that is rendered in writing and signed by the trial judge becomes the
official judgment of the court.  See Harrington v. Harrington, 742 S.W.2d
722, 724 (Tex. App.—Houston [1st Dist.] 1987, no writ). Any time there is a
conflict between oral pronouncements made by a trial judge and his or her written
judgment or order, the matters set forth in the written order control.  In re
JDN Real Estate-McKinney, L.P., 211 S.W.3d 907, 914 n. 3 (Tex. App.—Dallas,
2006, pet. denied) (holding that a written order controlled over conflicting
oral pronouncement); see also Capital
Fin. & Commerce AG v. Sinopec Overseas Oil & Gas, Ltd., 260 S.W.3d 67, 85 (Tex. App.—Houston
[1st Dist.] 2008, no pet.) (“Recitals in a judgment or signed order of the
court thus control over conflicting recitals in the record.”).

            Townson
fails to cite, and we are unable to find, any caselaw indicating that an
otherwise valid written order is void, voidable, or otherwise reversible
because the trial court’s oral pronouncements were not explicitly contained
therein.  Therefore, the written order
controls, and we overrule this point of error for failure to allege reversible
error.

VI.       Townson
Failed to Preserve for Appeal Her Attack on the Injunction’s Constitutionality

 

            In her final
point of error, Townson contends that the injunction is so overly broad that it
is a violation of her constitutional right to free speech.  

            In order to
preserve an issue for appellate review, a timely and specific objection is
required.  Tex. R. App. P. 33.1(a)(1)(A); Tex. R. Evid. 103(a)(1).  During the November 2009 temporary injunction
hearing, without identifying any specific provision, Townson argued that the
temporary restraining order, which was entered ex parte, was “far overbroad”
and that it “completely wiped away” her right to free speech.  No further written order was entered at that
time.  At the March 6, 2010, hearing on
Liming’s motion to sign the injunction order, Townson generally objected to the
proposed injunction because “it’s overbroad, it’s vague and ambiguous.”  However, at no time during the motion to sign
hearing did Townson advance any specific objection to the injunction’s
constitutionality or otherwise reference her right to free speech.  Under these facts, we find that “overbroad .
. . vague and ambiguous” is not a sufficiently specific objection to preserve
this error for appellate review. 
Accordingly, we affirm the temporary injunction.  

 

                                                                                    Jack
Carter

                                                                                    Justice

 

Date Submitted:          July
5, 2010

Date Decided:             July
14, 2010

 

 

 











[1]Liming
cites Operation Rescue-National v.
Planned Parenthood of Houston & Southeast Texas, Inc. for the
proposition that Townson waived this point of error by failing to request
additional or amended findings of fact.  937
S.W.2d 60 (Tex. App.—Houston [14th Dist.] 1996), aff’d as modified, 975 S.W.2d 546 (Tex. 1998).  In Operation
Rescue-National, a party complained that the trial court failed to make
sufficient factual findings to support injunctive relief.  Id.
at 82–83.  However, in this point of
error, Townson appears to complain of the lack of evidentiary support for one
of the trial court’s factual findings.  Id. 
Therefore, Operation
Rescue-National is distinguishable.

 





[2]The
trial court also found that Townson made false statements that were defamatory per
se. 
Townson complains of the trial court’s failure to identify which
statements were defamatory per se. 
Townson failed to preserve this issue for our review.  While every order granting an injunction must
set forth the underlying reasons for its issuance, if the enjoined party wishes
additional, detailed findings, the party may make a request under the rules of
procedure governing findings of fact generally.  Transport
Co. of Tex. v. Robertson Transports, Inc., 152 Tex. 551, 261 S.W.2d 549,
553 (1953).  Where a party fails to
timely request additional or amended findings of fact, an appellant’s points
complaining of the trial court’s failure to make certain and specific factual
findings are waived.  Century Indem. Co. v. First Nat’l Bank of
Longview, 272 S.W.2d 150 (Tex. Civ. App.—Texarkana 1954, no writ). 

 





[3]Defamation
per se is spoken, written, or printed
words that are so obviously hurtful to the person aggrieved that they require
no proof of their injurious character to make them actionable.  Knox v.
Taylor, 992 S.W.2d 40, 50 (Tex. App.—Houston [14th Dist.] 1999, no pet.).  Defamation is actionable per se if it injures
a person in his or her office, business, profession, or occupation.   Id.