

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-13-00091-CV

_____

JOE CONWAY, Appellant

V.

CLEO PATRICIA SHELBY, Appellee

On Appeal from the 102nd District Court
Bowie County, Texas
Trial Court No. 13C0842-102

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Moseley

O P I N I O N

This is an accelerated appeal from a temporary injunction obtained by Cleo Patricia Shelby, enjoining Joe Conway from entering onto a farm in DeKalb in which she has partial ownership and/or removing property therefrom, among other things. Because the injunctive order fails to comply with Rule 683 of the Texas Rules of Civil Procedure, we reverse the judgment of the trial court and dissolve the injunction.

## I.     Background

Prior to his death in May 2012, Carroll Hall Shelby[1] established the California-administered Carroll Hall Shelby Living Trust (Living Trust). The Living Trust created the Cleo P. Shelby Marital Trust, also a California-administered trust (Trust). When Shelby died, the assets of the Living Trust were transferred to the Trust. Cleo, Shelby's widow, is the sole income beneficiary of the Trust until her death, at which time the Trust corpus and income will be transferred to the Carroll Hall Shelby Foundation, a California-charitable trust. Conway is currently a co-trustee of the Trust.[2]

While the Trust is administered in California and is governed by California law, it has assets in Texas, California, and Nevada. Among those assets are personal and real property located in Bowie County (the DeKalb property), which property is jointly owned by Cleo and the

---

[1]Shelby was a famed race car driver and manufacturer and designer of the Shelby Ford Mustang and the Shelby Cobra.

[2]M. Neil Cummings is likewise a co-trustee of the Trust. Cummings was a named defendant in the trial court, but all claims against him were nonsuited after Cleo filed her notice of appeal. Thereafter, this Court, pursuant to the parties' agreed motion to dismiss Cumming's interlocutory appeal, severed Cumming's appeal from Conway's appeal against Shelby, assigned it a new cause number, and dismissed Cumming's appeal (October 8, 2013, Order of this Court in cause number 06-13-00091-CV and October 9, 2013, Order of this Court in cause number 06-13-00104-CV).

2

Trust as tenants in common. Cleo and Shelby purchased the DeKalb property with joint funds during their marriage and operated it as a farm/ranch. Shelby's portion of the DeKalb property was held in the Living Trust, the predecessor to the Trust. The injunctive order relates solely to the DeKalb property.

The underlying lawsuit against Conway, in his individual capacity, is based solely on Cleo's claim of conversion of property jointly owned by Cleo and the Trust.[3] Cleo claims Conway converted property she owned jointly with the Trust by transporting vehicles and equipment to a third party for the use by the third party and allowing livestock owned by third parties to consume Cleo's feed without paying just compensation.[4]

In connection with her lawsuit, Cleo sought the issuance of a temporary restraining order, granted on an ex parte basis by the trial court May 31, 2013. After a hearing, the trial court entered a temporary injunction against Conway July 26, 2013. The injunctive order prohibits Conway from (1) interfering with Cleo's possession and use of the DeKalb property, (2) removing or causing the removal of vehicles, equipment, livestock, or any other personal property from the DeKalb Property, (3) destroying or concealing any records or documents relating to the management of the DeKalb property, and (4) entering onto the DeKalb property except on at least forty-eight hours' email notice to Cleo. The order permits Conway to enter the

---

[3]Larry Strube, a manager of the DeKalb property, was sued in a companion case styled *Cleo Patricia Shelby v. Patrick D. White and Larry Strube*, cause number 13-C-0872-102, also filed in the 102nd Judicial District Court of Bowie County, Texas. This matter was appealed to this Court, and is the subject of a separate opinion in this Court's cause number 06-13-00090-CV styled *Larry Strube v. Cleo Patricia Shelby*, issued of even date herewith.

[4]Cleo alleged additional conversion claims against Conway, which allegedly occurred prior to Shelby's death. These claims were, therefore, not considered by the trial court.

3

DeKalb Property to return Trust property of any kind, conduct an inventory of Trust property, or on Cleo's invitation.[5]

Conway has taken an interlocutory appeal from this order, claiming that (1) the temporary injunction order should be dissolved because it fails to meet the specificity requirements of Rule 683 of the Texas Rules of Civil Procedure and (2) because Cleo failed to meet the standard for entitlement to such extraordinary relief, the trial court abused its discretion in entering the temporary injunction order. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4) (West Supp. 2013).

## II. The Injunction Order is Void

The decision to grant or deny a temporary injunction is within the sound discretion of the trial court. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002); *Moon v. Estate of Moon*, 221 S.W.3d 327, 329 (Tex. App.—Texarkana 2007, no pet.). The test for abuse of discretion is not whether the facts present an appropriate case for the trial court's action. Instead, it is a question of whether the court acted without reference to any guiding rules or principles. *Low v. Henry*, 221 S.W.3d 609, 619–20 (Tex. 2007); *Moon*, 221 S.W.3d at 331. A trial court abuses its discretion only if it reaches a decision so arbitrary and unreasonable that it amounts to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *In re Olshan Found. Repair Co., LLC*, 328 S.W.3d 883, 888 (Tex. 2010).

Cleo contends the order is deficient because it fails, in various respects, to meet the specificity requirements of Rule 683 of the Texas Rules of Civil Procedure.[6] Rule 683 provides

---

[5]The order further provides that "[f]inancial matters concerning the DeKalb Property are left to the authority and discretion of the Probate Court in Los Angeles, California."

4

that "[e]very order granting a temporary injunction shall include an order setting the cause for trial on the merits with respect to the ultimate relief sought." TEX. R. CIV. P. 683; *see Qwest Commc'ns Corp. v. AT&T Corp.*, 24 S.W.3d 334, 337 (Tex. 2000) (per curiam). The requirement that an injunctive order include a trial date prevents the temporary injunction from effectively becoming permanent. *Gray Wireline Serv., Inc. v. Cavanna*, 374 S.W.3d 464, 472 (Tex. App.—Waco 2011, no pet.).

The procedural requirements of Rule 683 are mandatory and must be strictly followed. *Qwest*, 24 S.W.3d at 337; *InterFirst Bank San Felipe, N.A. v. Paz Constr. Co.*, 715 S.W.2d 640, 641 (Tex. 1986) (per curiam) (finding temporary injunction void for not setting cause for trial on merits). An order granting a temporary injunction that does not comply with the Rule is subject to being declared void and dissolved, regardless of whether the defect was raised or briefed on appeal. *Cavanna*, 374 S.W.3d at 472 (temporary injunction order lacking trial date declared void and dissolved, even though defect not raised or briefed on appeal); *Leighton v. Rebeles*, 343 S.W.3d 270, 273 (Tex. App. Dallas—2011, no pet.) ("Failure of the order to meet the requirements of rule 683 renders the order fatally defective and void, whether specifically raised by point of error or not."); *Bay Fin. Sav. Bank, FSB v. Brown*, 142 S.W.3d 586, 590–91 (Tex. App.—Texarkana 2004, no pet.) (even though error not raised on appeal, temporary injunction declared void because it did not include order setting cause for trial on merits); *EOG Res., Inc. v. Gutierrez*, 75 S.W.3d 50, 53 (Tex. App.—San Antonio 2002, no pet.) (injunction order lacking trial date is fatally defective and void, regardless of whether raised by point of error); *see*

---

[6]Neither party to this appeal maintains that the injunction order is void for lack of a trial setting.

5

*Musgrave v. Brookhaven Lake Prop. Owners Ass'n*, 990 S.W.2d 386, 400 (Tex. App.—Texarkana 1999, pet. denied) (failure of order to meet requirements of Rule 683 renders it fatally defective and void, whether specifically raised by point of error or not); *see also First State Bank of Odem v. Flores*, No. 13-13-00502-CV, 2014 WL 812578, at *1 (Tex. App.—Corpus Christi Feb. 27, 2014, no pet. h.) (mem. op.) (order granting temporary injunction that does not set case for trial on merits is void).[7]

Here, the injunctive order did not set the case for trial on the merits as required by Rule 683. Because the temporary injunction order does not conform to Rule 683, we conclude that it is void.[8] Accordingly, we reverse the trial court's temporary injunction order, dissolve the temporary injunction, and remand this case to the trial court for further proceedings.

Bailey C. Moseley
Justice

Date Submitted:     March 5, 2014
Date Decided:       March 13, 2014

---

[7]*Cf. Henke v. Peoples State Bank of Hallettsville*, 6 S.W.3d 717, 721 (Tex. App.—Corpus Christi 1999, pet. dism'd w.o.j.) (trial court did not abuse discretion in refusing to dissolve temporary injunction based on lack of trial date where Henke agreed to order).

[8]Although Cleo raises other Rule 683 specificity complaints as well as substantive complaints regarding the failure of the order to meet the appropriate standards for issuance of a temporary injunction, we need not address them. The lack of a trial date alone renders the injunction order void.